### CARSON et al. v. NETTLES.

No. 13278—Opinion Filed June 3, 1924.

Rehearing Denied July 29, 1924.

**1. Appeal and Error — Reversal and Remand—Judgment Below According.**

Where judgment is rendered in a cause tried upon agreed facts and the Supreme Court reverses such judgment and remands the case generally, the findings and conclusions of the Supreme Court are res adjudicata as to the facts embraced in the agreed statement and the trial court should render such judgment as the Supreme Court should have rendered or directed on the findings and conclusions announced by said court.

**2. Same—Subsequent Appeals.**

The questions open for dispute as expressly or by necessary implication decided on a former appeal, will not be reviewed on a subsequent appeal.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by W. L. Nettles against Chas. Carson and others. From judgment in favor of the plaintiff, defendants bring error. Affirmed.

George Trice and Denver N. Davison, for plaintiffs in error.

W. F. Schulte, for defendant in error.

Opinion by PINKHAM, C. This suit was originally a replevin action commenced in the district court of Coal county on the 17th day of December, 1916, by the defendant in error, as plaintiff, to foreclose a chattel mortgage lien on a certain automobile held as security for the payment of a note of $300, dated August 9. 1916, with interest at the rate of 10 per cent. per annum from date, and for 10 per cent. attorney's fees if collected by an attorney or by legal proceedings.

Defendant in error pleaded that this indebtedness remained wholly due and unpaid; that the same was secured by chattel mortgage duly filed; that possession of the car had been demanded and refused, etc.; and thereupon judgment was asked for possession so that defendant in error might foreclose his lien.

At the same time an affidavit in replevin was filed stating, among other things, that this car was of the value of $350.

Thereupon plaintiffs in error made a redelivery bond and held possession of the car pending the final determination of the action. Thereafter plaintiffs in error filed an answer setting up a subsequent mechanics' lien on the same automobile, and alleged it to be superior to the chattel mortgage lien.

At the time the cause was first tried in the lower court the same was submitted upon an agreed statement of facts as follows:

"Statement of W. F. Schulte: 'If the court please, the counsel for plaintiff and the defendants, Chas. W. Carson and Danny Farrimond, have agreed that the facts as alleged in the petition of the plaintiff and the affidavit in replevin of the plaintiff and the facts as alleged in the answer of the defendants, Chas. W. Carson, and Danny Farrimond, shall be taken as true, and the decision of the court shall be based thereon'."

The trial court then found that the mechanic's lien was superior, and thereupon defendant in error herein perfected an appeal to this court (Nettles v. Carson et al., 77 Okla. 219, 187 Pac. 799).

In that case this court issued its mandate reversing the judgment of the trial court finding the lien of the chattel mortgage of the defendant in error to be superior to the mechanic's lien of the plaintiffs in error and directed such other and further

proceedings as should accord with right and justice.

Thereafter the plaintiff (defendant in error herein) filed his motion for judgment on the mandate, and on the 31st day of December, 1921, the trial court rendered judgment that:

"Plaintiff, W. B. Nettles, do have and receiver of and from the defendants Charles W. Carson and Danny Farrimond, the possession of the automobile * * * or in the event that a delivery of the said automobile cannot be had from the defendants to the plaintiff then and in that event the plaintiff herein shall have and recover of and from the said defendants * * * the sum of $350.00, with interest at the rate of 6% from December 7, 1916, until paid. It is further ordered that plaintiff recover his costs."

To the sustaining of the motion for judgment on the mandate the defendants excepted and prayed an appeal to the Supreme Court.

The one assignment of error is that the judgment of the court is contrary to law and not supported by the evidence.

The only question for determination here is whether the plaintiffs in error, having agreed upon the first trial that the facts stated in plaintiff's affidavit in replevin should be taken as true, can upon the second hearing after the decision of the first appeal question the agreement as to the facts stated in the affidavit.

It was agreed in the agreed statement of facts that the facts set up in the affidavit of replevin should be taken as true.

The fact in question is that the car or automobile was of the value of $350.

In the case of St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, it is said:

"Where judgment is rendered in a cause tried upon agreed facts and the Supreme Court reverses such judgment and remands the case generally, the findings and conclusions of the Supreme Court are res adjudicata as to the facts embraced in the agreed statement and the trial court should render such judgment as the Supreme Court should have rendered or directed on the findings and conclusions announced by said court."

"Where the facts on a second appeal are practically the same as on a first appeal the decision of the first appeal is the law of the case in all of its subsequent stages and will not be reviewed on a second appeal." Pac. Mut. Life Ins. Co. v. Coley, 80 Okla. 1, 193 Pac. 735.

It is contended that there is error in the case because the prayer of the plaintiff's petition did not in the alternative ask for the automobile or its value.

The prayer of the petition is as follows:

"Wherefore, premises considered, this plaintiff prays for judgment that he be given possession of the said Maxwell automobile above described or that he may foreclose his lien thereon as required by law."

It is sufficient to say that the judgment of the trial court rendered on the motion for judgment on the mandate follows the statute (sec. 335, Comp. Stat. 1921), and gives the plaintiff judgment for the possession of the automobile or in the event delivery cannot be had then that the plaintiff have judgment for the sum of $350, with interest at 6 per cent. from December 7, 1916, which was the date the replevin action was begun by the plaintiff, until paid.

Judgment was not rendered for the plaintiff until December 31, 1921, or more than five years later, during which time interest had accrued on the note and thereby increased the value of the special ownership in the plaintiff to that extent.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.