## ST. LOUIS & S. F. RY. CO. v. MILBURN.

No. 15423—Opinion Filed Dec. 9, 1924.

Rehearing Denied Feb. 3, 1925.

### 1. Master and Servant—Liability for Injury to Servant—Petition.

The plaintiff must plead a duty owing to him by the master, the failure of the master to perform the duty, through a want of ordinary care, and that the breach of the

duty was the proximate cause of the injury suffered by him.

## 2. Same—Verdict not Sustained.

Record examined; held to be insufficient to support the verdict in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by Roy Milburn against the St. Louis & San Francisco Railway Company for damages on account of personal injury. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

Neff & Neff and Harry G. Davis, for defendant in error.

Opinion by STEPHENSON, C. Plaintiff alleges, in substance, for his cause of action against the defendant:

(1) That he was a mechanic employed by the defendant railroad company in its roundhouse in the city of Muskogee, on or about February 14, 1922.

(2) That the railway company provided an emery wheel for the use of the employes engaged in the service of the railway company; that the emery wheel was equipped with what is known as a rest to be set at varying distances from the wheel according to the size of the object to be ground.

(3) That it was the duty of the foreman of the railway company to set the rest, each morning, the proper distance from the wheel for the use of the employes.

(4) That the defendant negligently failed to cause the rest to be set the proper distance from the wheel on the date of the accident; that the plaintiff had occasion to use the emery wheel for grinding a washer and failing to observe the distance the rest was set from the wheel, without fault on his part, commenced to use the wheel, which resulted in the forefinger of the right hand being drawn down between the rest and the wheel, with the result that a portion of the forefinger of the right hand was ground off.

(5) That the failure of the defendant to cause the rest to be set at the proper distance from the wheel was the cause of plaintiff's injury.

The defendant filed its general denial with the plea of assumption of risk and contributory negligence. The trial of the cause resulted in a judgment in favor of the plaintiff for the sum of $500. The defendant has appealed the cause to this court and assigns several of the proceedings had in the course of the trial as error for reversal here: First, the verdict is contrary to law; second, the verdict is contrary to the evidence; third, there is insufficient evidence to support the verdict of the jury; fourth, error of the court in giving several of its instructions to the jury and in the refusal of certain instructions requested by the defendant.

We will consider, first, the question of the sufficiency of the evidence.

The plaintiff was a skilled machinist and had been engaged in this line of work for about six years. He was familiar with the use of emery wheels, and had been using emery wheels of the kind and class used by the defendant for a period of about six years. The defendant provided an emery wheel with a face about two and one-half inches wide, and diameter of about 18 inches, for the use of the mechanics employed in the roundhouse. The emery wheel, when set in motion for use, turned towards the employe using the wheel. The emery wheel was equipped with a movable rest. The purpose of the rest, apparently, was to afford a rest for the hand holding the object to be ground. The rest was supposed to be placed at such distance from the wheel as would afford a rest for the hand, and at the same time close enough to prevent the object from being turned downward between the rest and the wheel. The rest was provided with threaded taps working in a slot, so that the rest might be quickly set at varying distances from the wheel. The size of the object to be ground determined the distance the rest should be set from the wheel. There were some 10 or 12 employes engaged as machinists in the roundhouse, who used the emery wheel in grinding objects for use in their line of work. It appears that it was the practice of an employe to set the rest at the proper distance from the wheel to be determined from the size of the object that he proposed to grind. It appears from the evidence that the plaintiff dressed the emery wheel and set the rest some three or four days prior to the time of the accident, and was familiar with the operation of the machinery. The machine was equipped with a lever which hung down by the side of the machine. The employe who desired to use the wheel simply moved the lever in a certain direction which set the wheel in motion. It appears that the

machinists were familiar with the setting of the rest according to the size of the object they desired to grind, and made the adjustment themselves.

It appears that the defendant furnished the emery wheel to the employes as a tool or instrument to be used in connection with their duties, and the matter of adjusting the emery wheel for some particular purpose was the duty of the employe who was then to use it. The matter of adjusting the rest was determined from the size of the particular object the employe was about to grind, and the employe would set the rest according to his judgment.

The plaintiff had occasion to grind a washer in the course of his work as a machinist on the date of the accident. The washer was about one and one-half inches in diameter and slightly less than one-fourth inch thick. The plaintiff took the washer to the emery wheel and set the machine in motion. He started the work without undertaking to ascertain the distance the rest was set from the wheel. He commenced to grind the washer, which was suddenly drawn downward between the rest and the wheel, resulting in grinding off a portion of the forefinger on the right hand.

The plaintiff offered evidence to the effect that the rest was set about five-eights of an inch from the emery wheel at the time of the accident. The plaintiff offered further testimony to show that the distance was too great for the use of the wheel in grinding the particular washer, and that the improper setting was the proximate cause of the injury.

The sum and substance of the plaintiff's testimony is: First, that he was an experienced machinist, and had been skilled in the use of the emery wheel for about six years, and was familiar with the way and manner that an emery wheel should be set; second, that the employes of the machine shop set the rest according to the object that was to be ground; third, that he commenced the use of the emery wheel on the date of the accident, without looking to see how far the rest was setting from the wheel.

It was not practicable for the defendant to cause the rest to remain at the correct place, as the proper distance was determined from the size of the object the employes desired to use the wheel for grinding. This resulted in the practice of the employes to set the rest themselves, if they did not find it properly set for the particular object to be ground.

It is clear from the evidence that the improper setting of the rest was the proximate cause of the injury. Was the improper setting of the rest the negligence of the defendant, or that of the plaintiff? If it was the duty of the defendant, then the latter is liable for the injury. If it was the duty of the plaintiff to properly set the rest according to the size of the object he proposed to grind, then any improper setting of the rest was the negligence of the plaintiff.

The evidence fairly discloses that it was the duty of the employes to set the rest according to the particular needs. The practice of the employes to make the adjustment was due to the fact that the object which was to be ground determined the distance the rest should be placed from the emery wheel. The employes might well undertake this service, as they were familiar both with the machine and its use. It was more practicable for the employes to perform this service for themselves than could be done in any other manner.

It is apparent from the record: First, that the improper setting of the rest was the proximate cause of the injury; second, it is equally clear from the record that it was the duty of the plaintiff to set the rest according to the size of the object he was to grind.

The petition of the plaintiff states a cause of action against the defendant for the reason that it charges that it was the duty of the foreman to set the rest for his use. The testimony offered by the plaintiff shows that it was his duty to set the rest, and that he failed to perform this duty; consequently, the proof fails to support the allegations of his petition.

The burden is on the plaintiff, in order to make out his cause of action for personal injury, to prove the existence of a duty owing to him by the master, a breach of the duty on the part of the master through his failure to exercise ordinary care to discharge the duty, and that the breach of the duty was the proximate cause of the injury to the plaintiff. The failure of the plaintiff in this case is to show that the duty rested upon the master to make the adjustment of the rest, which resulted in plaintiff's injury. St. L. & S. F. Ry. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126; C., R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 Pac. 1182; St. L. & S. F. Ry. Co. v. Rushing, 31 Okla. 231, 120 Pac. 973.

It is recommended that the cause be reversed and remanded for further proceed-

ings in accordance with the views herein expressed.

By the Court: It is so ordered.