### MILBURN v. ST. LOUIS & S. F. RY. CO.

No. 17087—Opinion Filed Oct. 5, 1926.

**Appeal and 'Error—Proceedings in Lower Court After Reversal and Remand—Entry of Judgment in Accordance with Opinion.**

Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is reversed and remanded for further proceedings in accordance with the views expressed in the opinion, it is not error for the trial court to enter judgment in accordance with the opinion of this court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by Roy Milburn against the St. Louis & San Francisco Railway Company. From a judgment rendered in favor of the defendant on the mandate of the Supreme Court, plaintiff brings error. Affirmed.

Neff & Neff and Harry G. Davis, for plaintiff in error.

E. T. Miller, Stuart, Sharp & Cruce, and Ben Franklin, for defendant in error.

Opinion by PINKHAM, C. This case was originally filed by the plaintiff in error, Roy Milburn, as plaintiff, in the district court of Muskogee county against the defendant in error, St. Louis & San Francisco Railway Company, for personal injuries alleged to have been sustained by plaintiff while an employee in the shops of the said railway company at Muskogee.

Plaintiff's petition alleged that the railway company was negligent in that it was the duty of the shop foreman to properly set a certain rest attached to an emery wheel at a certain distance from the wheel; that the foreman neglected to perform this duty for the use of the employees, and that plaintiff's injuries were the proximate result of the negligence of the foreman.

A judgment was rendered in favor of the plaintiff, and an appeal prosecuted by the defendant company to this court. On the 9th day of December, 1924, this court rendered an opinion reversing the judgment of the lower court. St. Louis & S. F. Ry. Co. v. Milburn, 106 Okla. 80, 232 Pac. 930. In the opinion in that case it is said:

"The sum and substance of the plaintiff's testimony is: First, that he was an experienced machinist, and had been skilled in the use of the emery wheel for about six years, and was familiar with the way and manner that an emery wheel should be set; second, that the employees of the machine shop set the rest according to the object that was to be ground; third, that he commenced the use of the emery wheel on the date of the accident, without looking to see how far the rest was setting from the wheel."

The opinion further states:

"The evidence fairly discloses that it was the duty of the employees to set the rest according to the particular needs. The practice of the employees to make the adjustment was due to the fact that the object which was to be ground determined the distance the rest should be placed from the emery wheel. The employees might well undertake this service, as they were familiar both with the machine and its use. It was more practicable for the employees to perform this service for themselves than could be done in any other manner."

The court concludes the opinion as follows:

"The failure of the plaintiff in this case is to show that the duty rested upon the master to make the adjustment of the rest, which resulted in plaintiff's injury. * * * It is recommended that the cause be reversed and remanded for further proceedings in accordance with the views herein expressed. By the Court: It is so ordered."

After the mandate had been spread of record in the office of the court clerk of Muskogee county, the defendant company filed its motion for a judgment in its favor on the pleadings and judgment of this court. The plaintiff filed a response to defendant's motion for judgment to the effect that he expected "to show on a new trial that it was not the duty of the plaintiff to set the rest involved in this action, but it was the duty of the foreman of the defendant to see that the rest was properly set." The trial court sustained the defendant's motion and dismissed the action, and the plaintiff has appealed to this court, assigning as error that the action of the trial court was erroneous.

It is the contention of counsel for plaintiff, as we understand it, that the original case having b een "reversed and remanded for further proceedings in accordance with the views herein expressed," the plaintiff was entitled to a new trial.

It will be observed that plaintiff's petition in the original case was based upon the allegation that it was the duty of the defendant's foreman to properly set the rest; but this court found that plaintiff's own testimony showed that it was not the foreman's duty, but the plaintiff's duty to set the rest in question.

The decision of this court to that effect left nothing further to be done, unless the plaintiff could amend his cause of action. Assuming, without deciding, that plaintiff could have amended his petition, in view of the state of the record herein, that question is not involved in this appeal, because the plaintiff made no application for leave to amend his petition. Plaintiff's theory is that he was entitled to show upon a new trial disputed questions of law and fact adjudicated by this court in the case referred to. It is this state of the record that distinguishes the case of Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105, cited by plaintiff, from the instant case.

In the case of St. Louis & San Francisco Railway Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, the proposition presented and discussed by plaintiff is decided adversely to plaintiff's contention. It is held in the second paragraph of the syllabus of that case that:

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

The only contention made by plaintiff, that the trial court should not render judgment on this court's mandate in favor of the defendant, is that the plaintiff would have the right to prove on a second trial a question decided by this court adversely to him on an appeal from the first trial; that is to say, whose duty it was to set the rest in question.

In the Hardy Case, supra, this court quotes from the case of McKinney v. State, 117 Ind. 26, 19 N. E. 613, as follows:

"In order that there may be an end to litigation, questions which were open to dispute, and were either expressly or by necessary implication decided on the first appeal of a cause, will not be open for review on a second appeal."

The court in that case quoted with approval from Headley v. Challiss, 15 Kan. 602 (2d Ed. 453), in which Mr. Justice Brewer, speaking for the court, says:

"A party may not settle the law of his case by piecemeal before this court, any more than he may settle the facts in that way before the district court. When the case is tried, he must be prepared to present his entire claim, or his entire defense."

That a disputed question of fact once finally adjudicated cannot be retried on a second trial in the same case is a well settled rule of law in this state. Pacific Mut. Life Ins. Co. of California v. Coley, 80 Okla. 1, 193 Pac. 735; Carson v. Nettles, 100 Okla. 142, 228 Pac. 164.

The findings and conclusions of this court on the former appeal covered the entire case made by the pleadings and evidence at the trial below.

We conclude that the trial court, under the pleadings and mandate of this court, was fully justified in rendering judgment in favor of the defendant.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 1230, §3286 (Anno); 2 R. C. L. p. 289; 4 R. C. L. Supp. p. 104; 5 R. C. L. Supp. p. 92.