**STATE ex rel. MOTHERSEAD, Bank Com'r, v. HARDISTER.**

No. 17723.   Opinion Filed Sept. 27, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

1. **Appeal and Error—Subsequent Appeals—Questions Which Should Have Been Presented in Former Appeal Concluded by Affirmance.**

Where questions arising in the trial court previous to a former appeal of the cause to this court are such that if presented at all to this court should have been presented in such former appeal, they are concluded by an affirmance by this court of the judgment of the trial court in the former appeal and cannot be presented to this court on a second appeal

2. **Appeal and Error—Dismissal of Appeal as Affirmance.**

When an appeal is dismissed by the Supreme Court, the effect is to affirm the judgment of the trial court.

Error from District Court, Washington County; J. L. Charlton, Judge.

Proceeding by E. L. Hardister against the State ex rel. O. B. Mothersead, Bank Commissioner. Judgment for plaintiff, and the defendant appeals. Affirmed.

M. W. McKenzie and Gentry Lee, for plaintiff in error.

Rowland & Talbott, for defendant in error.

MASON, V. C. J. This is the third appeal taken by the Bank Commissioner wherein a certain judgment of the district court of Washington county is sought to be modified or reversed.

This action was originally commenced by the State Bank Commissioner against E. L. Hardister to enforce the statutory stockholders' liability against him as a stockholder in the insolvent Bartlesville State Bank. At the time the bank was taken over by the Bank Commissioner, the defendant appeared on the books of the corporation as the owner of 25 shares of stock of the par value of $100 each.

The defendant filed answer and cross-petition in which it was alleged that the stock, which stood in the defendant's name on the books of the corporation, was a part of a fictitious increase of capital stock of the corporation; that the stock was void and spurious for the reason that it was issued in violation of the provisions of the Constitution and statute of this state.

The defendant asked that the plaintiff take nothing and that he have judgment against the Bartlesville State Bank and the Bank Commissioner of the state of Oklahoma for the purchase price of said stock. Upon trial of the case to the court, special findings were made, and judgment was rendered denying the plaintiff any recovery upon the alleged stockholders' liability, and for the defendant against the Bartlesville State Bank and the Bank Commissioner of Oklahoma in the sum of $4,375, with interest at 6% from November 1, 1921, which was the purchase price paid by the defendant. It was specifically adjudged to be an approved claim against said bank, "on a parity with the depositors and other creditors of said bank." The Bank Commissioner perfected his appeal from said judgment, and the same was affirmed by this court in an opinion by Mr. Justice Cochran filed April 29, 1924. See State ex rel. Walcott v. Hardister, 108 Okla. 64, 237 Pac. 75.

Thereafter the Bank Commissioner filed a motion in the district court wherein it was represented that said claim of E. L. Hardister was not on a parity with the unsecured depositors of said bank, and moved the court to modify the original judgment so as to authorize the payment of the claims of the unsecured depositors of said bank before the payment of said claim to Hardister.

The lower court denied said motion, and the Bank Commissioner appealed to this court. (Cause No. 16426, State of Oklahoma ex rel. Roy Walcott, as State Bank Commissioner, v. E. L. Hardister.) The Supreme Court, upon motion of the defendant in error, dismissed said appeal on the 18th day of May, 1926. The Bank Commissioner failed, refused, and declined to obey said judgment.

This proceeding was then commenced by Hardister filing a motion in which all of the foregoing facts were set out and in which it was further alleged that the depositors of said insolvent bank had been paid, in distribution of the funds of said bank, amounts aggregating 55 per cent. of said deposits, and he prayed that the court order the Bank Commissioner to pay a proportionate amount on his claim. The Bank Commissioner filed response in which he alleged that he could not comply with the terms of said order and judgment for the reason that the depositors and other creditors of said bank were not on a parity and, by law, the depositors of said bank were entitled to be paid in full out of the assets of said bank before any portion of the claim of Hardister was paid. Upon hearing, the trial court made findings of fact which were substantially the same as the allegations in Hardister's motion and directed the Bank Commissioner to pay Hardister $3,055.93, which represented 55 per cent. of his claim. The court further ordered and directed that if the Bank Commissioner should pay further dividends to the depositors of said bank, that he also pay E. L. Hardister a like percentage upon his judgment rendered on October 17, 1923. The Bank Commissioner has perfected his appeal from said judgment and for reversal presents the following propositions:

(1) The depositors and other creditors of a failed state bank are not on a parity in the distribution of the assets of said bank.

(2) The trial court erred in making order for payment of money to the claimant on the judgment recovered in the district court of Washington county, for the reason that said judgment was void on account of ambiguity, uncertainty, and impossibility of performance thereof.

(3) Although a judgment against a receiver of an insolvent estate—or person similarly situated—may be considered an approved claim against said estate, it must still be determined in the receivership proceeding in what order payment is to be made on the respective claims which are approved.

(4) A judgment, if capable of two constructions, must be given the construction which will make the conclusion reached a lawful and proper one.

(5) The allowance of interest on the amount of the judgment until payment is erroneous.

The first, third, and fifth propositions were disposed of by the original judgment in the district court, which was later affirmed in an opinion by this court. Where questions arising in the trial court previous to a former appeal of the cause to this court are such that if presented at all to

this court should have been presented in such former appeal, they are concluded by an affirmance by this court of the judgment of the trial court in the former appeal and cannot be presented to this court on a second appeal. Midland Valley Ry. Co. v. Clark, 96 Okla. 264, 221 Pac. 1025; Carson et al. v. Nettles, 100 Okla. 142, 228 Pac. 164; First National Bank of Temple v. Brown, 62 Okla. 112, 162 Pac. 454; Insurance Company v. Cochran, 59 Okla. 200, 159 Pac. 247; Flesner v. Cooper, 62 Okla. 263, 162 Pac. 1112; Childs v. Cook, 68 Okla. 240, 174 Pac. 274.

The second and fourth propositions present questions which were duly submitted to the district court in a motion to modify the original judgment after it had been affirmed by this court. In that motion, the Bank Commissioner contended that the claim of Hardister was not on a parity with the unsecured depositors of said bank, but the trial court held against such contention and refused to modify said judgment, and this court in dismissing the purported appeal of the Bank Commissioner from said judgment, in effect, affirmed the judgment of the trial court. Stumpff v. Harper, 90 Okla. 195, 214 Pac. 709.

The five questions raised by the Bank Commissioner on this appeal having been finally disposed of and adjudicated by the district court of Washington county and by this court on the two former appeals, they cannot be again litigated, as the former adjudications, whether right or wrong, become the law of the case, and all parties to said litigation are estopped from further litigating these questions concerning the subject-matter therein disposed of.

Under the provisions of these judgments, the defendant in error is entitled to be paid the same proportionate share of his judgment as is paid the depositors of said bank, and said payments are to be made at the same time and in the same manner, and, regardless of whether or not the Bank Commissioner may agree with the law as announced therein, it is his duty to comply therewith.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

