**KURN et al. v. COCHRAN et al.**

No. 27370. Nov. 9, 1937.

Cruce, Satterfield & Grigsby, for plaintiffs in error.

Forrester Brewster and Watts & Watts, for defendants in error.

CORN, J. This is an appeal from a judgment of the district court of Muskogee county granting the defendants in error, plaintiffs below, a new trial after the case had been submitted to the jury under instructions from the court and the jury had returned a verdict for the plaintiffs in error, defendants below. For convenience the parties will hereafter be referred to as they appeared in the trial court.

This action was begun by the plaintiff, as next friend of Elsie and Ernest Cochran, minors, to recover damages for the alleged wrongful death of their uncle. The petition alleged a public custom in the vicinity of using the defendants' right of way as a means of foot travel, and that while walking along the track he was struck and killed by the defendants' motor train, at a point where the track was straight and the view uninterrupted, his death being the direct result of the negligent and careless operation of the train by the defendants' employees.

The issues were joined and the cause was tried October 29, 1935. The plaintiffs introduced their evidence, whereupon the defendants interposed a demurrer, which was overruled. The defendants declined to put on any evidence and elected to stand on their demurrer. The jury returned a verdict for the defendants, and the plaintiffs then filed a motion for new trial, which was granted by the trial court without stating the grounds upon which it was sustained.

It is from this ruling of the trial court that the defendants have appealed, setting up five assignments of error as grounds for reversal, and arguing all assignments under two propositions submitted in the appeal brief.

The first proposition urged by the defendants is that the trial court committed error in overruling the defendants' demurrer to the plaintiffs' evidence, for the reason that the plaintiffs wholly failed to show any actionable negligence on the part of the defendants' employees in operating the train. In this connection the defendants insist that the plaintiffs' evidence was based wholly upon inferences that had to be drawn by the court and jury—that the deceased was killed by the defendants' train; that he was on the track when killed; that the agents and employees of the defendants failed to give any warning or keep a reasonable lookout; and that they failed to keep the train under reasonable control in order to prevent injury after seeing the deceased upon the track.

Past decisions from this court announce the rule that the mere fact that an injury occurs carries with it no presumption of negligence, but rather it is an affirmative fact for the injured party to establish that the defendant has been guilty of negligence. See St. Louis & S. F. Ry. Co. v. Fick, 47 Okla. 530, 149 P. 1126; Chicago, R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 P. 1182; St. L. & S. F. Ry. Co. v. Milburn, 106 Okla. 80, 232 P. 930; Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908; Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okla. 287, 16 P. (2d) 226, and cases cited therein.

The question for determination, then, under the first proposition, is whether there was a showing of primary negligence on the part of the plaintiffs sufficient to justify the trial court in overruling the defendants' demurrer. The petition alleged the negligent and careless operation of the defendants' motor train and the resulting death of the deceased and depends upon the rule announced by this court in the past that where there is an accident resulting in the death of persons connected therewith and there is no direct and positive proof as to how it happened, the manner of occurrence may be shown by circumstantial evidence from which the jury may infer the manner and cause of such accident, if such inference is a reasonable one.

Although this rule has often been applied by this court in the past, we cannot hold that it is to be an absolute criterion in all cases where there is no direct proof. Even though certain inferences were to be drawn from the evidence by the jury, there must have first been a showing of primary negligence on the part of the defendants before the

basis for completing the inference could be had. The mere fact of death carried no presumption of negligence, and there certainly was a failure to show sufficient facts from which the jury could infer that there was a breach of duty by the defendants' employees.

In the case of Chicago, R. I. & P. Ry. Co. v. Pedigo, 102 Okla. 72, 226 P. 72, this court made a statement especially applicable to the instant case. There it was said:

"A railroad company will not be held liable for personal injuries where there is no positive evidence, or reasonable inference, to be drawn from the testimony that the railroad company was guilty of negligence."

A very studied consideration of the record fails to disclose that there was any negligence established as the proximate cause of the accident—of any causal relation between the neglect to properly operate the train and the death of the deceased. This might have been proved by direct evidence, but there was none. It might have been proved, as any other fact may be proved, by indirect or circumstantial evidence from which the fact of the proximate cause could be inferred, but these circumstances must be proved, they cannot be presumed. Any or all negligence charged against the defendants here must be inferred, and we refuse to declare a rule of law deduced only from inferences based upon other inferences, when such inferences cease to be the result of probabilities established by testimony. and become inferences based upon speculation or mere possibilities.

The second contention upon which the defendants ask for a reversal of this cause is that the trial court erred in sustaining the plaintiffs' motion for new trial, because the plaintiffs failed to show any negligence on the part of the defendants, and having failed to make a case against the defendants, the trial court had no discretion in ruling on said motion, and the sustaining of the motion was error.

The plaintiffs entered a motion for new trial after the jury returned its verdict, and the trial court sustained the motion. However, it does not appear from the record that any reason was assigned for sustaining the motion. The question thus presented has been passed upon in a multitude of cases from this court, the rule having been announced as being that the trial court has a very wide discretion in the granting of new trials. However, this rule cannot be carried on indefinitely, and very necessary limitations must be placed upon it, otherwise

the right of any litigant to appeal and have a final determination of his cause could very well be denied.

This problem has been before this court quite often in the past. One of the leading authorities is the case of City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, which case was followed and quoted with approval in American Central Insurance Company et al. v. Brenner, 173 Okla. 632, 49 P. (2d) 528, wherein this court said:

"A motion for new trial is addressed to the sound discretion of the trial court, and its action sustaining such motion will not be disturbed on appeal, unless the trial court committed manifest error.

"Where the proof made in the trial of an action does not sustain the allegations of the petition, but clearly establishes the plaintiff is not entitled to recover on the cause of action alleged, it is the duty of the trial court to render judgment for the defendant; the granting of a new trial in such a case is an abuse of discretion."

In the body of the opinion in this same case, the court made the following statement:

"It is a well-established rule that a motion for new trial is addressed to the sound discretion of the trial court and an order granting a motion for a new trial will not be disturbed on appeal, unless the trial court abused its discretion. Billy v. Le Flore County Gas & Electric Co., 166 Okla. 130, 26 P. (2d) 149.

"This, however, is a legal and not an arbitrary discretion, and where the questions presented in the motion for new trial are purely law questions, and the court renders an erroneous judgment by reason of an erroneous conception of the law, then the order should be reversed. City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462."

This case was submitted to the jury under instructions which, to say the least, were favorable to the plaintiffs, and the jury returned a verdict for the defendants. This makes it reasonably apparent that the evidence was not sufficient to sustain the cause of action, failing entirely to show any positive negligence which would entitle the plaintiffs to prevail. Quoting again from American Central Ins. Co. v. Brenner, supra:

"Where the proof does not sustain the allegations of the petition, but clearly established that the plaintiff is not entitled to prevail on the cause of action alleged, it is the duty of the trial court to render judgment for the defendants. The granting of a new trial in such a case is error."

From a careful examination of the record, and in consideration of all circumstances, we hold the plaintiffs failed entirely to show any primary negligence attributable to the defendants. The trial court erred in its failure to sustain the demurrer to the plaintiffs' evidence, and it was further error to grant a new trial after the jury returned a verdict for the defendants.

For the reasons stated, the cause is therefore reversed and remanded to the district court of Muskogee county, with directions to vacate order sustaining motion for new trial, overrule said motion, and render judgment for the defendants on the verdict of the jury.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.