## LOWDEN et al. v. VAN METER.

No. 27033.   Nov. 9, 1937.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for plaintiffs in error.

Gotcher & Gotcher and George L. Hill, for defendant in error.

CORN, J. This case presents an appeal from a judgment rendered in the district court of Pittsburg county against these named defendants, in the amount of $1,500, for damages for personal injuries sustained in an accident in which one of the defendants' trains allegedly, by reason of the careless and negligent operation, ran over this plaintiff. We shall refer to the parties as they appeared in the trial court.

In his petition the plaintiff alleged that on the night of September 29, 1934, he was walking home from the town of Hartshorne, where he had gone to buy groceries. His route led him over the defendants' track, which ran east and west, the crossing being by means of a footpath running from north to south across the track and right of way, which had long been used by the people in that vicinity as a method of travel. The track at this point was straight and vision was uninterrupted for several hundred feet.

Returning homeward after dark, the plaintiff started across the track by means of this footpath, but slipped and fell, striking his head in such a manner as to injure himself and be rendered unconscious. Momentarily realizing that he was in danger from an approaching train, he managed to partially remove himself from the track, but alleged that the engineer carelessly and negligently ran the train over him, crushing his skull and permanently injuring him to such an extent that he is incapacitated and entirely unable to do manual labor. By reason of the alleged injury he asked $2,500 damages for the personal injuries so sustained, and $400 for medical services and expenses.

The defendants, on behalf of the railroad company, filed answers consisting of general denials and a plea of contributory negligence. At the close of the evidence, after the defendants' motion for a directed verdict had been overruled, the jury returned a verdict for the plaintiff in the amount of $1,500 damages for injuries and expenses incurred. From this judgment the defendants have appealed, offering four as-expenses incurred. From this judgment the These assignments of error are offered under four propositions, which we will discuss in the order in which they appear in the appeal brief.

The first proposition urged by the defendants as grounds for reversal is that there was no evidence that the train crew discovered the plaintiff in a perilous position in time to have avoided the accident. The plaintiff admits that he fell and injured his head sufficiently to be rendered unconscious, and his testimony was directed toward showing that while lying there the engineer negligently ran the train over him. There were no witnesses who testified that they saw the train strike the plaintiff, only his own testimony that the train hit him, after he had already fallen and injured himself. The testimony of the two boys who were a quarter of a mile or more away was that they saw something on the track, but this did not definitely establish that the object they saw was the plaintiff.

There was a total absence on the part of the plaintiff to show a failure on the part of the train crew of having exercised that degree of care commensurate with and demanded by the circumstances. The defendants owed the plaintiff the duty of not wantonly injuring him, and of keeping a reasonable lookout for anyone who might be on the track. But there is a complete and total failure by the plaintiff to establish this fact, and it was upon this that the plaintiff's case necessarily had to be based.

In this connection it may be added that, while the defendants might have reasonably anticipated the presence of persons in the vicinity of this particular place, there existed no greater duty to keep a lookout for anyone who might be lying there. Unless it be shown that the engineer saw, or could have seen, this plaintiff by exercising a degree of care owed the plaintiff, but

which the engineer failed to exercise, there can be no recovery.

The defendants next set up the contention that where the evidence leaves the matter uncertain, and shows that one of two or more things could have caused the injury, for part of which the defendant is responsible and for part of which there is no responsibility, the jury is not to guess and find the negligence of the defendant was the real cause.

The evidence here certainly opens up the possibility of there having been two or more things which caused the injury. The plaintiff testified that he fell and injured his head so seriously that he became unconscious. Yet, while in this condition, he remembered positively that the train hit him and that it was the cause of the injury to his head. This raises the question that has often been passed upon by this court in the past, that question of the determination of the proximate cause of an injury from circumstantial evidence, where there is no direct and positive testimony. Supporting this position, the plaintiff offers authorities from this court, all holding that, in order to sustain a verdict, the circumstantial evidence so offered need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury.

Such has been the holding of this court in numerous past decisions. However, this rule must be held to mean, not that any verdict which may be based upon circumstantial evidence should be sustained, but that a verdict based upon circumstantial evidence will be sustained only if the evidence is sufficient to determine the proximate cause of the injury, even though it does not exclude every other reasonable conclusion.

In the instant case the evidence not only fails to exclude other reasonable conclusions, but full consideration of the record discloses that it fails completely to bear out the plaintiff's allegation that the negligence of the train crew was the proximate cause of the injury. The plaintiff's duty was to make it appear more probable that the injury came, in whole or in part, from the defendants' negligence than from any other cause. When the plaintiff failed to establish this. he failed to establish grounds sufficient to permit of recovery.

For the third ground of reversal the defendants offer that the duty to keep a lookout for the plaintiff and to exercise caution in relation to anyone who might be upon the track did not extend to anyone lying upon the track. It is obvious that it would take a greater degree of care to discover the presence of a man lying upon or near the track than it would be to see one walking thereon. It was never shown that the engineer saw the plaintiff. In fact, it is questioned that, lying on the track as he was, he could have been seen at all, without exercising a greater degree of care than could reasonably be demanded. Furthermore, the whistling upon which so much of the plaintiff's case rested was not shown to have been directed toward the plaintiff. The inference that because the whistle was blown the engineer had seen the plaintiff and was sounding a warning to him is neither sufficient nor sufficiently strong to establish the plaintiff's case. Still further, the circumstance of the plaintiff's being found at such a distance from the crossing where persons were usually expected to be seen is something which cannot be overlooked. It is rather unusual for such evidence to be introduced without being contradicted or explained away, especially in view of the fact it was alleged and the proof was directed toward showing that the alleged injury occurred at a particular point on the track.

Recent decisions from this court have laid down what we deem to be a well founded rule of law in cases such as the one at bar. One of the most recent of these is the case of the Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okla. 287, 16 P. (2d) 226, where in the syllabus the court said:

"The burden is upon the plaintiff, in an action to recover damages for an injury caused by alleged negligence, to show the existence of the negligence and that the negligence was the proximate cause of the injury.

"A railroad company will not be held liable for personal injuries alleged to have been caused by the negligent acts of its employees, where there is no positive evidence of negligence or of facts from which negligence can be reasonably inferred. * * *

"An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the nonexistence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence."

Earlier pronouncements of this rule are to be found in the cases of Atchison, T. &

S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908, St. Louis & S. F. Ry. Co. v. Milburn, 106 Okla. 80, 232 P. 930, and Okmulgee Gas Co. v. Kelley, 105 Okla. 189, 232 P. 428.

As the final grounds upon which the reversal of the verdict and judgment of the trial court is asked, the defendants submit that this verdict is contrary to the instructions given by the trial court. In the fourth instruction the court charged the jury that a "failure to exercise ordinary care in such case would be negligence on the part of the defendant." That this correctly stated the law is not to be questioned. That the jury failed to apply the facts to such instruction likewise seems unquestioned in view of the fact that it was never proved that the plaintiff was or could have been observed in a position of peril, while lying beside the tract as he was. However, to carry the matter further, even admitting that he was observed, there was no showing that the engineer failed to exercise ordinary care toward him, and unless they failed to extend toward him the proper degree of care and in failing to do so injured him, there would certainly be no liability. Had the jury properly applied such instruction to the evidence, it is impossible to see how they could have arrived at the verdict rendered in this case.

From a very careful study of the record in this case, we are unable to find any negligence proved upon the part of the defendants. The jury's verdict could not have been based upon the evidence of negligence, for such negligence was never established.

Judgment is reversed and the cause is remanded, with directions to enter judgment for the defendant.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and HURST, JJ., concur.