## EAGLE-PICHER MINING & SMELTING CO. v. WALZ, Adm'r.

No. 30270. Sept. 29, 1942.

Rehearing Denied Dec. 15, 1942.

*131 P. 2d 997.*

W. E. Foster, of Henryetta, A. N. Boatman, of Okmulgee, and A. C. Wallace and John R. Wallace, both of Miami, for plaintiff in error.

Harry D. Pitchford, of Okmulgee, and John T. Cooper, of Wewoka, for defendant in error.

WELCH, C. J. Plaintiff sought damages for wrongful death. The cause was tried to a jury under proper instructions and without error of law. Verdict was for defendant, and the court sustained motion for new trial after reviewing, and weighing the evidence.

The defendant by this appeal urges error under the rule announced in Kurn et al. v. Cochran et al., 181 Okla. 205, 73 P. 2d 433, and other cases, generally to the effect that it is error for the trial court to grant a new trial in favor of a plaintiff who has failed to prove primary negligence.

We have searched the record to determine whether such rule is applicable here. If the evidence is such that had a verdict in plaintiff's favor been rendered same must be said to have been unsupported by any evidence, then defendant is correct, otherwise not.

It is plaintiff's theory that deceased died as a result of the effect of poison gas fumes and dust containing metallic particles, occasioned by defendant's failure to furnish him a reasonably safe place to work.

The evidence shows that defendant's cadmium plant in which deceased worked was conducted in such manner as to result in the overflow, sometimes two or three times daily, of a tank containing a mixture of Cotteral or "flue" dust and water and sulphuric acid, thus releasing gases which would necessitate the employees running from the building and remaining outside until such gases became dissipated. We think it might be reasonably inferred that such condition, allowed to continue for several months during the time deceased worked with this tank, was not according to best known methods. The evidence is such as to reasonably indicate that not only could the overflow have been prevented, but that a more nearly adequate system of ventilation could have reasonably been provided.

There is evidence of an expert witness that the gases to which deceased was thus exposed were poisonous and would be capable of causing death, especially after repeated, prolonged, or frequent exposure.

This same witness, an experienced chemist, and another expert witness, a physician, both testifying in answer to hypothetical questions fairly embodying the circumstances of the employment, illness, and death, gave it as their opinion that deceased's exposure as above shown was the cause of the death.

The evidence was sufficient for submission of the cause to the jury, therefore the rule defendant urges is inapplicable. Affirmed.

OSBORN, B A Y L E S S , GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.