## WOOD v. REED.

No. 31210. Dec. 14, 1943.

*144 P. 2d 108.*

David A. Kline, of Oklahoma City, for plaintiff in error.

Thompson & Braly and N. B. Haney, all of Ada, for defendant in error.

HURST, J. This is the second appeal herein. In the first appeal we reversed the judgment of the trial court and remanded the case "for further proceedings not inconsistent with the views expressed herein." Reed v. Wood, 190 Okla. 169, 123 P. 2d 275. After the mandate was received in the court below, the defendant, B. G. Wood, filed a motion to amend his answer and cross-petition, and stated that he desired to offer proof in support of the issues made by his amended pleading. The motion was denied, and this appeal followed.

The facts out of which this controversy arose are fully set out in our first opinion and will be restated here only insofar as is necessary for an understanding of the issues involved in this appeal. Wood, plaintiff L. K. Reed, and one Watson were members of a drilling partnership which was indebted in the amount of some $3,200 to the Wood-Watson Machine Works, a corporation in which Wood was a stockholder. Under a contract this debt was to be paid from the profits of drilling operations. Wood was desirous of selling his interest in the partnership, and in order to better his bargaining position he sent Reed a letter, falsely purporting to be from a collection agency, stating that it understood the Wood-Watson Machine Works held an interest in the partnership and threatening to garnishee the proceeds of the partnership's drilling contracts unless certain fictitious debts of the Wood-Watson Machine Works were paid. Reed, fearing that any interference with the payment to the partnership of the funds due it would be disastrous, decided to purchase Wood's interest. After some negotiations he purchased the interest for $9,000, paying $6,000 in cash and giving notes for the remaining $3,000. Reed later learned of the fraud that had been perpetrated upon him and brought suit to cancel the notes and to recover $1,000 from Wood, alleging that Wood's interest was worth only $5,000 and that he had been induced to pay the additional $4,000 by means of the fraudulent letter. Wood filed a cross-petition asking judgment on the notes, alleging that the $9,000 covered not only his interest in the partnership but also the debt of $3,200 owed by the partnership to the Wood-Watson Machine Works. At the trial, however, he failed to offer proof that he had authority to include the debt of the corporation as part of the consideration for money paid to him personally. The trial court denied plaintiff any relief and entered judgment for Wood for $3,000 on his cross-petition. Upon appeal, however, we held that such judgment was not supported by the evidence. We said that there was "no precise showing of the state of the debts against" the drilling equipment belonging to the partnership, but that "allowing its (the equipment's) value without considering the debts against it," Wood's interest was shown to be worth between $5,000 and $7,500. Of course, if there were debts against the equipment which

were obligations of the partnership, the value of the interest would be further reduced. In answer to Wood's contention that the $9,000 included the debt of $3,200 due from the partnership to the corporation, we pointed out that if the trial court allowed recovery therefor, it did so improperly because there was no evidence that Wood had authority to release the debt of the corporation for money paid to him personally. We said:

"If it be considered that Wood insisted that Reed include in the purchase price some $3,200 which Wood insisted the drilling partnership owed the corporation, this portion of the $9,000 would be without consideration because the debt owing by the partnership to the corporation was no outright personal obligation either of Reed on the one hand or Wood on the other."

After the cause was remanded Wood sought to amend his answer and cross-petition so as to allege that the consideration for the $9,000 included, beside his interest in the partnership, "his interest in the account due the Wood-Watson Machine Works." He also sought to allege by the amendment that under the partnership contract Reed was bound to "take care of all drilling operations for one year"; that Reed desired the services of Watson, who was under contract with the corporation; and that the corporation, as part of the consideration for the $9,000 paid Wood, had released Watson from his contract. The trial court refused to permit the amendment. It then reconsidered the evidence contained in the case-made, fixed the value of Wood's interest in the partnership at $6,500, entered judgment for Wood for $500 on the notes and canceled the remaining $2,500 thereof.

Plaintiff contends that our former opinion amounts to more than an ordinary reversal. He asserts that thereunder the only issue left open for the further examination of the trial court was the value of Wood's interest in the partnership, and that by remanding the cause for "further procedings not inconsistent with the views" therein expressed, we, in effect, ordered the trial court to fix that value within the limits of $5,000 and $7,500. We are unable to agree with this contention. Ordinarily, where a cause is remanded for further proceedings not inconsistent with the views expressed in an opinion of the Supreme Court, the case then stands in the court below the same as if no trial had been had, and amendments may be filed and new issues formed not inconsistent with the issues passed upon by the Supreme Court. Secrest v. Secrest, 168 Okla. 576, 36 P. 2d 57; McIntosh v. Lynch, 93 Okla. 174, 220 P. 367; Ball v. Rankin, 23 Okla. 801, 101 P. 1105. By our former decision we determined only that under the evidence introduced at the first trial Wood's interest in the partnership was worth much less than $9,000. We refused to consider the item of $3,200 due from the partnership to the corporation as an element of the consideration for the $9,000 because Wood made no showing that he was authorized to bargain in regard thereto. Now, however, he offers to supply this proof, and we see no reason why he should not be permitted to do so. Reed was the owner of a one-half interest in the partnership, and if Wood had authority to, and actually did, release the partnership debt, or a part thereof, Reed was personally benefited in an amount equal to one-half the amount so released.

We have examined the authorities cited by plaintiff and do not find them contrary to our opinion here. In Milburn v. St. Louis & S. F. Ry. Co., 119 Okla. 298, 249 P. 729, no attempt to amend the pleadings was made. In Liberty Glass Co. v. Bartlett, 140 Okla. 184, 282 P. 342, plaintiff had elected to try its case on one of two inconsistent theories, and we held that after reversal and remand it could not amend its pleadings and try the case on the other theory. In Kelly v. Oliver Farm Equipment Co., 169 Okla. 269, 36 P. 2d 888, and Provident Life & Accident Ins. Co. v. Peace, 175 Okla. 266, 52 P. 2d 769, it was apparent that the litigants had offered substantially all the evidence available, and that they could not recover in a second trial on any theory contended for by them. And in Gilli-

land v. Bilby, 53 Okla. 309, 156 P. 299, the lower court was ordered to "enter judgment" in accord with the opinion.

The substance of our former opinion herein was simply that Wood had breached his statutory duty to his co-partner, and that Reed was entitled to recover from Wood any amount he had paid him in excess of the actual value of that which he received.

The issue to be determined by the trial court, therefore, is the actual value of the consideration received by Reed for his $9,000. He is entitled to a judgment for the difference, if any, between such sum and $9,000, after allowing for the $3,000 note.

The cause is reversed, with directions to grant a new trial and to permit defendant to amend his pleading.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.