### PACIFIC MUT. LIFE INS. CO. OF CALI-
### FORNIA v. COLEY.

No. 9585—Opinion Filed Nov. 23, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Review—Subsequent Appeals.**

Where the facts on a second appeal are practically the same as on a first appeal, the decision of the first appeal is the law of the case in all its subsequent stages and will not be reviewed on a second appeal.

**2. Same.**

The questions open to dispute, as expressed or by necessary implication decided on a prior appeal, will not be reviewed on a second appeal.

Error from District Court, Muskogee County; R. P. de Graffenreid, Judge.

Action by Samuel B. Coley against the Pacific Mutual Life Insurance Company of California, on a policy of insurance. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Grant Foreman and J. D. Simms, for plaintiff in error.

Irwin Donovan and Crump, Crump & Bailey, for defendant in error.

COLLIER, J. This action was commenced in the district court of Muskogee county by the defendant in error, who will be hereinafter referred to as plaintiff, against the plaintiff in error, who will be hereinafter referred to as defendant, to recover, under a policy of accident insurance, for injuries alleged to have been suffered by him.

This is the second time this controversy has been before this court. Pacific Mutual Life Insurance Company of California v. Samuel Coley, 62 Okla. 161, 162 Pac. 713, in which the first judgment rendered in favor of plaintiff was reversed and the cause remanded.

The pleadings in each of said cases are identical, the defendant pleading nonliability, and accord and satisfaction before the institution of this action, except that in this case additional replies were filed to the plea of accord and satisfaction interposed by the defendant that were not filed in the first case.

The evidence in the first appeal and the evidence in this appeal are practically the same, the material parts thereof being as follows: That the defendant was an insurance company doing business in the state of Oklahoma, and issued to the plaintiff a policy of insurance which insured plaintiff against accident and sickness, but specified that he could not recover on both, due to one accident, and contracted to pay plaintiff, in the event he was injured by accident such as would "leave an exterior visible mark on the body" and cause him to be totally disabled from performing the duties of his occupation, the accident benefits provided by said policy at the rate of $75 per month for the time of such total disability, not to exceed 60 months, during the time he was thus disabled. The policy further provides:

"Article 5. Illness benefits at the rate of seventy-five dollars per month for such time, not exceeding six months that said insured is necessarily and continuously confined inside the house and regularly visited in the house, by a legally qualified physician, by reason of disease that is contracted and begins after this policy has been maintained in force continuously for thirty days.

"Or, if the insured by reason of such disease should be totally disabled and prevented continuously from performing any and all duties pertaining to the insured's occupation, though not confined inside the house, and regularly treated by a legally qualified physician, the company will pay such illness benefits for such time, not exceeding one month, provided the total amount of benefits payable under this article 5 shall not exceed the amount payable for six months of such house confinement."

The evidence further shows that the plaintiff, while engaged in his duties as machinist, was repairing a locomotive engine in the yards of the Missouri, Oklahoma & Gulf Railway Company at Muskogee, Oklahoma, and while so engaged slipped in such engine and fell violently, striking his back and hips against the reverse lever quadrant on said engine and against the edge of the cab floor, and that as a result of said injuries plaintiff was rendered unconscious, his spine was wrenched, the muscles were greatly strained and stretched, and he suffered great shock to his spinal cord and the nerve center centering therein; that within the time provided by said policy plaintiff gave notice of such accident and the disability occasioned thereby to the agent of the defendant company at

Muskogee, at which place plaintiff resided at the time of giving such notice; that thereafter, on April 17, 1913, plaintiff received from the defendant company a letter, which letter, check, and indorsements thereon are as follows:

"The Pacific Mutual Life Insurance Company of California.

    "Chicago, April 17, 1913, 191__

"Accident Department—monthly premium division.

"H. A. Behrens, U. S. Managing Agent.

"Eastern Head Office, 122 S. Mich. Blvd.

"Mr. Samuel B. Coley,

"Muskogee, Okla.

"Dear Sir:

"Acknowledging receipt of yours of the 12th inst., would say that reports at hand from you do not establish that your disability is the result solely of bodily injury caused through external, violent and accidental means which at once produced external mark upon the body. In fact reports establish contrarywise that there was no external mark on your body that immediately disabled you as a result of accidental bodily injury. Therefore, your claim, if anything, would come within the illness clause of your policy as you hold a general disability contract.

"You will note that under the illness clause the limit of the company's liability is one month's benefits for non-house confinement and we, without acknowledging liability even in that amount are disposed to give you the benefit thereof and enclosing check herewith of $75.00 to cover. As for your request for deducting April premium this will serve to advise you that we wish to take advantage of article 18 of the policy.

"Yours respectfully,
    "Pacific Mutual Life Insurance Co.
        "J. W. Rhodes, Supervisor."
"Chicago, April 17, 1913. No. 64509

"Pay to the order of Samuel B. Coley $75.00 Seventy-Five and No/100 Dollars. Upon his signing the statement receipt and endorsement on back hereof.

"Policy No. 1860697

"Date of accident or illness Jan. 5, 1913

"The Pacific Mutual Life Insurance Company of California

"W. W. Albert Cashier.    J. W. Rhodes, Supervisor.

    "Endorsed: Amount of Claim $75.00

    "Premium due

    "Draft to Balance $75.00

"Receipt and Endorsement: Received above balance being in full satisfaction and final settlement of all claims accrued and to accrue against the Pacific Mutual Life Insurance Company of California on account of any accident already sustained and any disease or any illness heretofore contracted.

        "S. B. Coley."

It was also shown that the said letter was duly received by plaintiff one evening, compared by him with the terms of the policy, and the next day said check was indorsed and cashed by him; that the accident received by the plaintiff did not "leave an exterior visible mark on the body"; that on January 7, 1913, the plaintiff prepared his claim for alleged injuries and sent it to the defendant, claiming same under article 5 of the said insurance policy, and it was shown that plaintiff was confined in his house two days on account of the injury and attended by a physician, and that he had continued to suffer from the result of said alleged injuries.

The jury returned a verdict in favor of plaintiff in the sum of $2,632.50.

The defendant timely filed a motion for a new trial upon the ground, among other grounds—

"that the court committed error in refusing to hold that the judgment of the Supreme Court on January 9, 1917, in the case of the Pacific Mutual Life Insurance Company of California, Plaintiff in Error, v. Samuel Coley, Defendant in Error, No. 7686, was decisive in this case."

The court overruled the motion, to which the defendant excepted and gave notice in open court of intention to appeal to this court, and perfected this appeal.

The only difference in the two cases is the filing in the second case additional replies to the plea of accord and satisfaction pleaded by the defendant; but this is immaterial from the fact that all the evidence that could have been given under the said additional replies was given in evidence in the trial of the first case.

In the first appeal of this case Pacific Mut. Life Ins. Co. of California v. Coley, supra, it is held:

"It is the policy of the law to encourage the settlement and compromise of controversies in order to discourage litigation."

"Where one claiming a demand against another which is denied accepts a certain sum thereon and executes and delivers his receipt therefor in full settlement, the burden rests upon him to avoid same, where it is pleaded as a defense to a cause of action subsequently instituted by him upon such demand, and in order to overcome the same the evidence must be clear and convincing that the receipt was procured by fraud or misrepresentation, or that the same was not the free and voluntary act of the one signing the same on account of his mental condition."

**"The evidence in this case examined, and same is held insufficient to authorize the trial court to have presented this question to the jury."**

We are, therefore, of the opinion that the first appeal decided every issue involved in,

and is a complete answer to, this case, and hence this case is res judicata; and that the court committed reversible error in overruling the motion for a new trial.

In Chickasha Cotton Oil Co. v. Lamb et al., 58 Okla. 22, 158 Pac. 579, it is held:

"A decision on appeal by this court upon questions of law becomes the law of the case; and the facts or issues being substantially the same, at a second trial thereof, such decision is controlling upon the trial court, and is the law of the case in this court upon a second appeal."

In Kingfisher Improvement Co. v. Talley et al., 51 Okla. 226, 151 Pac. 873, it is held:

"In an action in ejectment, a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether same was pleaded or not."

In the first appeal it is held that if there had been any liability on the part of the defendant in favor of the plaintiff, the defendant had made an accord and satisfaction of the same, and this, being conclusive, was an end of this controversy.

In St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, it is held:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion; and such court is without jurisdiction to permit amendments to the petition, alleging an entirely different state of facts as the direct and proximate cause of plaintiff's injuries, and which facts have been adversely determined by the opinion of this court.

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is reversed without direction, it is the duty of the trial court to render judgment in accord with the opinion. The first opinion having held that the defendant had successfully pleaded accord and satisfaction, and the evidence in the second trial not being materially different from that of the first trial,

it was the duty of the court, in accord with said opinion, to render judgment for the defendant, and in failing to do so the court committed prejudicial error.

The judgment of the trial court is reversed and the cause remanded, with directions to render judgment for the defendant.

All the Justices concur.