## MISSOURI, K. & T. R. CO. v. LENAHAN et al.

No. 10617—Opinion Filed April 4, 1922.

(Syllabus.)

1. **Appeal and Error—Subsequent Appeals —Law of Case—Action for Negligent Death of Railroad Employe.**

The record examined, and held, the law decided in the former appeal that is involved in this case was correctly stated, and therefore will not be set aside.

2. **Trial—Instructions—Construction as a Whole.**

All the instructions should be considered together, and if when considered as a whole they state the law correctly, and without conflict, it is sufficient, although one or more standing alone might be incomplete.

3. **Master and Servant—Action for Death of Railroad Employe—Instructions.**

On examination of the instructions, held there was no error in the giving thereof, and the issues were fairly submitted to the jury, and no prejudicial error resulted therefrom.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Etta Lenahan, individually and as administratrix, against the Missouri, Kansas & Texas Railway Company for damages for negligent death of her husband. Judgment for plaintiff, and defendant brings error. Affirmed.

M. D. Green and H. L. Smith, for plaintiff in error.

Edw. H. Brady and W. H. Kornegay, for defendant in error.

McNEILL, J. This is the third appeal in this case. The first appeal is reported M., K. & T. Ry. Co. v. Etta Lenahan, 39 Okla. 283, 135 Pac. 382. The second appeal is reported M., K. & T. Ry. Co. v. Lenahan, 68 Oklahoma, 171 Pac. 455. A full and complete statement of the pleadings and the facts are found in the two former opinions. We will only make a very brief statement of the case.

The action was originally brought by Etta Lenahan in her individual capacity against

the railroad company to recover damages for the death of her husband, James Lenahan, on May 15, 1908, caused by a head-on collision between a south-bound passenger train known as the "Katy Flyer", and a north-bound freight train on which the deceased Lenahan was engineer. The action is brought under the Employers' Liability Act of April 22, 1908 (35 Stat. 65). The court on the first appeal held that the plaintiff herein could not recover in her individual capacity and reversed the case. After the case was reversed, plaintiff amended her petition by adding to the title of the case the name of Etta Lenahan, administratrix of the estate of James Lenahan, deceased, and upon the petition thus amended the issues were joined, and upon trial of the case a verdict resulted in favor of Mrs. Lenahan as administratrix. This court on the second appeal held, in substance, that it was not error to permit the petition to be amended by joining the widow as personal representative, and it was harmless for the plaintiff to be joined in her individual capacity, and held, further, that the amendment was not equal to the commencement of a new action for the purpose of applying the two year limitation. The court, however, reversed the case on account of certain erroneous instructions given by the trial court. Upon the third trial in the district court the plaintiff again recovered judgment against the railroad company, and from said judgment the defendant has appealed.

For reversal the plaintiff in error assigns numerous assignments of error. The first assignment of error is stated as follows:

"(a)  Plaintiff, as an individual, is not proper party plaintiff to maintain action and cannot recover; and (b) plaintiff, as administratrix, should not recover because no negligence of defendant is shown."

Counsel for plaintiff in error admit that these two questions were decided contrary to their contention on the former appeal, and admit the opinion on the previous appeal is ordinarily held to be the law of the case on a subsequent appeal, where the facts are practically the same as is the situation in the case at bar, but contend this is not an inflexible rule and there are exceptions, and particularly so when it is made clear that the first decision was erroneous. There is no doubt that an appellate court upon the second appeal may reconsider its former opinion, and refuse to follow the same when it is erroneous, particularly when rendered in the same case and between the same parties. See Oklahoma City Electric G. & P. Co. v. Baumhoff, 21 Okla. 503, 96 Pac. 758;

George v. Connecticut Fire Ins. Co., 84 Okla. 172, 201 Pac. 510.

We think the conclusion reached in the second appeal, on the questions above presented, does not come within the rule contended for, but, on the other hand, we believe the conclusion reached was correct on those questions.

In regard to whether there was sufficient evidence to take the case to the jury upon proper instructions, the evidence upon this question, which is identical, is quoted in the opinion on second appeal. This court in that appeal held the evidence was sufficient to take the case to the jury under proper instructions. It would serve no useful purpose to set out that evidence in this opinion, as it is copied in the former opinion. We think there was no error committed in the former decision of this court upon that question.

The next assignment of error argued is that the court erred in giving instructions Nos. 3, 4, and 5. Instruction No. 3, in substance, instructed the jury in general terms the meaning of the term negligence, and then advised the jury that negligence was never presumed and would have to be proven as alleged by the plaintiff, and the burden of proving negligence was upon the plaintiff, and that the acts of negligence, if any, must consist of the acts of negligence alleged in plaintiff's petition. Instruction No. 4 was very lengthy and embraced a statement of the allegations of the petition and the acts of negligence complained of by the plaintiff. Instruction No. 5, in substance, advised the jury that the plaintiff's action was founded on a charge of negligence, and the burden was on the plaintiff to prove the acts of negligence, if any, that caused the death of deceased, and the negligent acts, if any, must be the particular acts alleged in plaintiff's petition.

It is contended that instruction No. 3 was erroneous because it did not properly define negligence. The instruction standing alone perhaps was not a correct technical definition of the term negligence, but the court gave 32 instructions. Instruction No. 11, in defining the duties of the engineer of the passenger train, correctly defines acts that would amount to negligence and the precautions necessary to be taken in order to avoid the collision. Instructions Nos. 17, 18, and 20, all of which were requested by the defendant, were given, and these instructions properly advised the jury as to the duty of the engineer on the passenger train, and what would amount to negligence.

This court in a long line of cases has announced the following rule:

"All of the instructions should be considered together, and, if when considered as a whole they state the law correctly and 'without conflict, it is sufficient, although one or more standing alone might be incomplete."

See C., R. I. & P. R. Co. v. Owens, 78 Okla. 114, 189 Pac. 171; Id., 78 Okla. 50, 186 Pac. 1092. None of the above instructions are in conflict, and when taken as a whole correctly define negligence. Instruction No. 4 is criticized because the statement of the case contains certain of the allegations of the plaintiff's petition, which it is contended were prejudicial to the defendant, said allegations being certain acts of negligence complained of by plaintiff. We think there was no error in giving this instruction, for this instruction was simply an instruction advising the jury of the acts of negligence complained of. The court limited the acts of negligence for the consideration of the jury in instruction No. 17, by advising the jury that the only question for determination of the jury was whether the engineer of the passenger train exercised reasonable or ordinary care to avoid collision and consequently the death of deceased, after actually discovering the freight train on the track in front of him. This instruction was requested by defendant and given by the court. There is no conflict in these instructions, as instruction No. 4 was simply a statement of the case and the acts of negligence that the plaintiff complained of, and instruction No. 17 advised the jury that the only act of negligence to be considered was whether the engineer, after discovering the freight train on the track, used reasonable and ordinary care to avoid the collision. This left the case submitted to the jury on only one theory, to wit, the doctrine of the last clear chance. Instruction No. 5 is complained of for the reason this instruction referred to the fact that the acts of negligence must be the particular acts alleged in plaintiff's amended petition. We can see no conflict in this instruction with the instruction that followed, which limited the case to one question.

It is next complained that instruction No. 10 does not properly define contributory negligence. The instruction, standing alone, might be subject to criticism as not a complete statement of contributory negligence, but when you consider the instruction with instructions Nos. 11, 15, 17, 18, and 20, there can be no question but that the question of negligence and contributory negligence was properly submitted to the jury. The court advised the jury as a matter of law that

the deceased was guilty himself of negligence, and then advised the jury the duty the defendant company owed the deceased after discovering him in the place of peril. We think there was no prejudice resulting from the giving of these instructions.

It is next contended that the court erred in refusing to give requested instruction No. 21, which requested instruction advised the jury that if they found the negligence of James Lenahan was the proximate cause of his death, they should find for the defendant, although they might also find that the engineer was negligent in failing to stop his train in time to avoid the collision. We think there was no error in refusing to give this instruction, because it assumed a state of facts that cannot exist. If the negligence of James Lenahan was the proximate cause of the accident, then the engineer of the passenger train could not have stopped his train in time to avoid the collision. The case was submitted on the theory that the only liability of the defendant was if the engineer of the passenger train, by the exercise of the ordinary precaution of a prudent person, after the actual discovery of the defendant in a place of peril could have stopped his train in time to avoid the collision. The instructions as a whole submitted this issue to the jury, upon instruction that was more favorable to the defendant, the railroad company, than to the plaintiff.

It is next contended that the court erred in giving instruction No. 26, and refusing to give defendant's requested instruction No. 35. The instruction No. 26, in substance, limited the plaintiff's recovery to pecuniary damages. The closing part of the instruction is as follows:

"Will be a fair and reasonable compensation for the pecuniary loss sustained by the plaintiff on account of the death of James Lenahan not exceeding $30,000."

The requested instruction No. 35 simply advised the jury if they found for the plaintiff, they should not allow any damages on account of loss of society of the deceased. Instruction No. 26 does not permit the jury to consider as an item of damages the loss of society. The first part of the instruction provided the damages are to be a fair and just compensation for the pecuniary loss resulting to plaintiff from the death of deceased. The instruction then provided the jury might take into consideration the deceased's occupation, business, habits, experience, probable duration of life, his probable earnings during his probable duration of life, and the right of plaintiff to support

and maintenance in the station of life in which she lived, if the evidence warranted, and then closes with the statement that the damages are limited to pecuniary loss.

The court in instruction No. 22 advised the jury they should allow no damages or relief for grief or wounded feelings, and in instruction No. 22 advised the jury they should allow nothing for mental anguish. In the last instruction the court advised the jury they should consider the case free from passion or prejudice, fear or favor, and arrive at their verdict from the evidence submitted and from the law the court had given. We think there was no error in the instructions given.

Among the cases relied upon for reversal are the cases of Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 57 L. Ed. 417. The instruction in that case was not similar to the instruction in the case at bar. In that case the trial court instructed the jury they might consider as an estimate of damages the widow's loss of her husband's care and advice. The case of American Railway Co. v. Didricksen 227 U. S. 145, 57 L. Ed. 456, is also cited, and in that case the court advised the jury that in fixing the amount of damages they might take into consideration the loss—

"Of any care and consideration he might take of them or for them during his life."

The case of Gulf, Colo. & S. F. Ry. Co. v. McGinnis, 228 U. S. 173, 57 L. Ed. 785, is also cited. This case is not in point. The question decided in that case was whether a surviving child, not dependent upon deceased and having no reasonable expectation of any pecuniary benefit from the deceased, was entitled to share in the proceeds of the recovery.

An examination of the other cases cited discloses there were peculiar facts and circumstances surrounding the case, and the trial court failed to limit the amount of recovery to pecuniary loss and did not properly advise the jury what facts to take into consideration in fixing the damages, as it did in the case at bar. In the case at bar there are no dependent children, and, in fact, no children. The plaintiff herself is the sole heir, and the court limited her recovery to the pecuniary benefit that she would receive and in fixing this amount to take into consideration the earning power of the deceased and the pecuniary benefit that plaintiff might expect to receive therefrom.

We therefore conclude there was no prejudicial error in the giving of the instruc-

tion, and the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.