**BUCKLEY et al. v. KELLY et al.**

No. 16827. Opinion Filed July 5, 1927.

(Syllabus.)

**Appeal and Error—Dismissal—Abandonment of Appeal by Seeking Same Relief in Federal Court.**

Where a party after his appeal to this court causes an action to be instituted in

the United States District Court, involving the same parties and the identical subject-matter. the filing of such action in the latter court will be deemed to be an abandonment of the appeal in this court, and on proper motion the appeal will be dismissed.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Solomon Buckley et al. against Albert Kelly et al. From the judgment, plaintiffs bring error. Appeal dismissed.

Fred M. Carter, T. H. Otteson, J. M. Shackelford, R. L. Suddath, S. W. Turk, C. M. Gordon, and Paul N. Buford, for plaintiffs in error.

Thrift & Davenport, H. B. Clay, and Davidson & Williams, for defendants in error.

LESTER, J. The plaintiffs in error were the plaintiffs below, and the defendants in error were the defendants below. The plaintiffs in error will be called plaintiffs, and the defendants in error will be referred to as defendants.

The defendants base their motion to dismiss this appeal on the following reason:

"The plaintiffs have abandoned this appeal by having instituted since this appeal was lodged in this court a suit in the United States District Court for the Northern District of Oklahoma, in which the parties and the matters involved are the same as the parties and the matters involved in this appeal, and in which the relief sought is the same relief sought by this appeal. The suit in the federal court is identical with this appeal."

The plaintiffs have filed a response to the defendants' motion to dismiss, in which the plaintiffs practically concede all the matters set out in defendants' motion, but say:

"Plaintiffs, therefore, respectfully ask the court, in view of the facts hereinabove set forth. to deny defendants' motion to dismiss this appeal, but that this cause be stricken from the assignment for hearing on the 10th day of May, 1927, and that this cause be ordered to remain pending upon this appeal awaiting the final termination of said action in the federal court and if said suit by the government should be dismissed or disposed of in any manner without final judgment upon the merits, that the plaintiffs be permitted to try in this court the questions involved in this appeal."

It occurs to us that the attitude of the plaintiffs is such that they desire that in this case the Supreme Court of the state of Oklahoma become a court of convenience, as well as one of "watchful waiting."

In the case of P. E. Heckman et al. v. United States, 56 L. Ed. 820, the court in that case said:

"But if the United States, representing the owners of restricted lands, is entitled to bring a suit of this character, it must follow that the decree will bind not only the United States, but the Indians whom it represents in the litigation. This consequence is involved in the representation. Kerrison v. Stewart, 93 U. S. 155, 160, 23 L. Ed. 843, 845; Shaw v. Little Rock & Ft. S. R. Co., 100 U. S. 605, 611, 25 L. Ed. 757, 758; Beals v. Illinois, M. & T. R. Co., 133 U. S. 290, 295, 33 L. Ed. 608, 611, 10 Sup. Ct. Rep. 314. And it could not, consistently with any principle, be tolerated that, after the United States, on behalf of its wards, had invoked the jurisdiction of its courts to cancel conveyances in violation of the restrictions prescribed by Congress, these wards should themselves be permitted to relitigate the question."

In the instant case it clearly appears that the plaintiffs' cause of action has been lodged in another judicial forum. If they are successful in that forum, the proceedings are at an end. Their attitude before this court is such that if they are not successful therein, they ask permission to return here and prosecute their appeal.

We hold that the plaintiffs' appeal in this court has been abandoned, and the cause is, therefore, dismissed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 586, §2397 (Anno).