## KELLY v. OKMULGEE GAS CO.

No. 17421. Opinion Filed Nov. 22, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

### Appeal and Error—Decision on First Appeal as Law of Case.

The syllabus in the case of Pacific Mutual Life Insurance Company of California v. Coley. 80 Okla. 1, 193 Pac. 735, is hereby adopted as the syllabus in this case.

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by C. W. Kelly against the Okmulgee Gas Company. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. Simpson and Hummer & Foster, for plaintiff in error.

Breckinridge & Bostick and Farrar & Milner, for defendant in error.

HERR, C. This is an action by C. W. Kelly against the Okmulgee Gas Company to recover damages for the death of his wife. An explosion occurred in her apartment causing her death. It is alleged that the explosion was caused by the negligence of the gas company in carrying an excessive gas pressure. The trial court directed a verdict for the defendant. Plaintiff appeals. This is a second appeal. At a former trial, plaintiff recovered judgment in the sum of $4,000, which judgment, on appeal, was reversed by this court. Okmulgee Gas Co. v. Kelly, 105 Okla. 189, 232 Pac. 428.

It was held by the Commissioner writing the opinion that the evidence was wholly insufficient to establish that the alleged explosion resulted from the excessive gas pressure

It is conceded that the evidence on this appeal is substantially as it was on the former appeal. It is the contention of defendant that the court, on this appeal, is bound by the law as announced on the former appeal, citing the following authorities: Oklahoma City Gas & Power Co. v. Baumhoff. 21 Okla. 503. 96 Pac. 758; Chickasha Cotton Oil Co. v. Lamb, 58 Okla. 22, 158 Pac. 579; St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38; Pacific Mutual Life Ins. Co. v. Coley, 80 Okla. 1, 193 Pac. 735; Midland Valley R. R. Co. v. Ezell, 62 Okla. 109, 162 Pac. 229; Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519.

Plaintiff concedes this to be the general rule, but contends that the rule is subject to relaxation, and that this court may reverse its former decision on a second appeal when its former opinion is clearly erroneous and gross and manifest injustice has been done by its former decision, citing the following authorities: M., K. & T. Ry. v. Lanahan, 85 Okla. 290. 206 Pac. 233; Wade v. Hope, 89 Okla. 64, 213 Pac. 549; Powell v. United Mine & Mill. Co., 107 Okla. 170, 231 Pac. 307; George v. Conn. Fire Ins. Co., 84 Okla. 172, 200 Pac. 544, 691, 201 Pac. 510.

These authorities sustain plaintiff's contention. Cases may arise in which the court would be justified in reversing its former decision on a second appeal. The rule which should govern the court in such cases is laid down in the authorities above cited and we will not attempt to here restate the same. It is sufficient to say that we are of the opinion that this case should be governed by the general rule.

Even though we might disagree with the former opinion, we feel, in so far as this case is concerned, it is the law of the case, and we are bound thereby. There must be an end to litigation. Under the holding of this court on the former appeal, it was the duty of the trial court to enter judgment for defendant instead of retrying the case

In the case of Pacific Mutual Life Ins. Co. v. Coley, supra, beginning at page 3, this court says:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case-made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to render judgment in accord with the opinion."

We do not approve what is said in the former opinion relative to the liability of the gas company, if any, being based on the contract between the gas company and Agard, plaintiff's landlord. The conclusion there arrived at was not, however, based solely on such theory, but was based, in the main, on the theory that the evidence failed to establish that the explosion was caused by the excessive gas pressure complained of. It may be, as contended by counsel, that the evidence was sufficient to go to the jury on this point, but under the authorities above cited, we cannot, on this appeal, consider this question.

Judgment of the trial court should be affirmed.

BENNETT, REID, JEFFREY, and DIFFENDAFFER, Commissioners, concur. HALL, C. dissents.

By the Court: It is so ordered.

Note.—See 2 R. C. L. p. 224; 1 R. C. L. Supp. 459; 4 R. C. L. Supp. p. 95; 5 R. C. L. Supp. p. 84; 6 R. C. L. Supp. p. 79.