## LIBERTY GLASS CO. v. BARTLETT et al.

No. 19014. Opinion Filed Dec. 11, 1928.

Opinion Withdrawn Dec. 18, 1928.

Readopted and Refiled Jan. 20, 1929.

Rehearing Denied Nov. 26, 1929.

Hughes & Ellinghausen, for plaintiff in error.

J. Walker Field and Lydick, McPherren & Jordan, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Creek county rendered in an action wherein plaintiff in error was plaintiff. The parties will be referred to herein as they appeared in the trial court.

This cause was here on a former appeal, where, in an opinion filed. it is shown the plaintiff sought to recover money claimed to have been paid by the plaintiff to the defendant under a mistake of fact. Barlett et al. v. Liberty Glass Co., 124 Okla. 104,

253 Pac. 997. In that case this court reviewed the entire case as presented upon the pleadings, the evidence, and judgment rendered in the trial court, reversed the judgment, and denied plaintiff right to recover. Mandate from this court was received and spread of record in the trial court commanding court below to cause such reversal to show of record and to take such other and further action as might be in accordance with right and justice and consistent with the opinion of this court.

Thereafter the plaintiff sought to file an amended petition seeking to recover upon the grounds of false and fraudulent misrepresentation. Permission to file the amended petition was denied in the court below, and judgment rendered therein dismissing plaintiff's cause of action. From this judgment the plaintiff appeals and assigns as error the action of the trial court in holding the plaintiff was not entitled to a new trial under the mandate of the Supreme Court, and dismissing plaintiff's cause of action, and also in refusing plaintiff permission to file the amended petition. The pleadings upon which the former trial was had and judgment rendered, and from which the former appeal was taken, are not presented in the record in this appeal. In our examination of the record in this cause, we are limited to the mandate to determine the issues in the former trial and the question presented on the former appeal. It appears from the record that plaintiff sought to recover upon the ground of mistake of fact. The cause was tried upon that theory, and upon examination of the record presented in the former appeal, this court held that plaintiff could not recover, for the reason that, upon the record presented, it was the legal duty of the plaintiff to know or to ascertain the true state of facts in which it claimed mistake, and in not so ascertaining it was negligent. The entire issue before the court was determined adversely to the plaintiff, and there was nothing left to be tried in the court below. The trial court was without authority to grant a new trial. Armstrong v. White, 122 Okla. 78, 251 Pac. 46; Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 Pac. 548; Kelly v. Okmulgee Gas Co., 128 Okla. 237, 262 Pac. 649; Pacific Mutual Life Ins. Co. v. Coley, 80 Okla. 1, 193 Pac. 735; St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38.

The right of the plaintiff to amend its petition so as to present the claim under the theory of fraud and misrepresentation when the cause has been fully determined under the theory of mistake of fact, has also been determined by this court adversely to the contention of the plaintiff. In the case of Freeman v. Pearce, 133 Okla. 41, 270 Pac. 1095, this court announced the following rule:

"When the law gives several means of redress or kinds of relief predicated on conflicting theories, the election of one and the prosecution to a final judgment operates as a bar to the subsequent adoption of any other."

This rule has obtained in the cases of Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; First Trust & Savings Bank v. Bloodworth, 70 Okla. 317, 174 Pac. 545; Citizens Bank of Millerton v. Beson, 104 Okla. 293, 231 Pac. 844.

We have reviewed the record presented in this cause and the briefs of the parties filed herein, and conclude the propositions raised herein have all been previously determined, and well-established rules covering the same have long since been announced and adhered to by this court; that by reason thereof there is no merit in this appeal, and upon motion of the defendants in error, the appeal is hereby dismissed.