STATE ex rel. JONES, Ex'x, v. DISTRICT COURT OF MUSKOGEE COUNTY et al.

No. 32480. Oct. 29, 1946.

Rehearing Denied Dec. 17, 1946.

*173 P. 2d 417.*

Charles A. Chandler, of Cleveland, Ohio, for relator.

Thos. W. Leahy and W. J. Crump, both of Muskogee, for respondents.

DAVISON, J. This is an original proceeding in this court for a writ of prohibition to prevent the district court of Muskogee county, Okla., and District Judge E. A. Summers, presiding in division No. I of said court, from acting further in a controversy which arose in proceedings originally instituted in the county court of said county to probate the will of Andrew Jones, deceased.

From the county court's order decreeing distribution of said estate and approving the final report of Ida Mae Jones, executrix thereof, certain of the Jones heirs lodged an appeal, docketed as cause No. 29409, in the respondent district court. After a trial de novo the district court, acting through Judge Summers, held in part that Ida Mae Jones did not take under the will and by said judgment she was removed as executrix and replaced by Dewey Dinwiddie, now Grimmett, as administratrix with will annexed.

On an appeal to this court (In re Jones' Estate, 195 Okla. 168, 155 P. 2d 980) Ida Mae was held subjejct to removal but the district court's judgment

was reversed on other grounds and said cause remanded to said court, with directions to grant a new trial and to determine the cause in a manner not inconsistent with the views set forth in said opinion.

After the mandate was issued (In re Jones' Estate, supra) the district court, still acting through Judge Summers, entered an order in March, 1945, directing said mandate to be spread of record and also remanding the cause to the county court.

Thereafter, in the original probate proceedings, Dewey Dinwiddie obtained an order from the county court in which said court purported to "concur" in the district court's appointment of her as administratrix with will annexed. This order was insufficient. The county court under such remand should have exercised its exclusive and original jurisdiction to determine the question of removal or suspension of Ida Mae Jones and the appointment of her sucessor. Parker et al. v. Lewis, 45 Okla. 807, 147 P. 310; In re Kelly's Estate, 132 Okla. 21, 269 P. 282.

Upon Ida Mae's refusal to relinquish possession and control over certain items of property she claimed belonged to her personally, rather than to the estate, Dewey Dinwiddie obtained an order directing her, as administratrix with the will annexed, to institute an action against Ida Mae in a court of competent jurisdiction to determine the question of title Ida Mae had raised.

Acting upon said order said administratrix commenced cause No. 30553 in the district court of Muskogee county, but upon a hearing therein, the Hon. O. H. P. Brewer district judge, presiding in division No. 2 of said court, ruled that she was without capacity to maintain such an action and dismissed her petition. This judgment was correct for the reason that the county court had not by proper or sufficient order removed or suspended Ida Mae, nor had said court by proper procedure and order properly

appointed Dewey Dinwiddie as her successor.

Thereafter, in December, 1945, the district court, again acting through Judge Summers, entered a new order in cause No. 29409 vacating, as an inadvertent error, its former order of March of that year purporting to remand said cause to the county court and setting same for a new trial before him on January 9, 1946. Two days previous to said date, Ida Mae Jones, still purporting to act as executrix of the Jones' estate, filed the present proceedings in this court and cause No. 29409 of the district court has been held in abeyance pending our decision herein.

In her present application for a writ of prohibition, relator takes the position that the district court is without jurisdiction to proceed further in cause No. 29409, first, because of its order of March, 1945, jurisdiction of the matters involved therein was relinquished to the county court, and that after the end of the January, 1945, term the district court could not effectively vacate its said previous order by its order entered in December of the July, 1945, term of said court. There is no merit to this contention. The order of March was contrary to the decision and mandate of this court and such order was in all things inadvertent, except that under said order the county court should have determined the question of removal or suspension of Ida Mae, as executrix, and upon her removal or suspension that court should have made the original appointment of some suitable person as her successor. This is the matter that should have been considered by the county court, and this phase of the case should now be the first thing for determination by the county court. The general order of remand of March, 1945, was void for all other purposes, and for such other purposes was subject to being set aside at any time. Liberty Glass Co. v. Bartlett et al., 140 Okla. 184, 282 P. 342; Buckley et al. v. Kelly et al., 126 Okla. 20, 257 P. 1107; Pettis v. Johnston, 78 Okla. 277, 190 P.

681; Stretch v. Murphy, 166 Ore. 439, 112 P. 2d 1018; In re King, Referee, 11 F. Supp. 351; Bancroft's Code Practice and Remedies, vol. 9, §7429, pg. 9769; Am. Jur. vol. 3, pg. 731, §1234, note 7; vol. 37, pg. 515, §32, note 19; 5 C. J. S. 1511-15, §§1965-1967.

What we have said concerning the efficacy of the district court's **order of** March, 1945, as a relinquishment of its jurisdiction of cause No. 29409, answers relator's contention that, once such jurisdiction was lodged in the county court by said order, it could not be re-invested in the district court by its order of December, 1945. The rule cited in support of this contention assumes or is based upon the hypothesis that jurisdiction was properly lodged in the lower court by the superior or appellate court in the first instance or by the first order. Thomas v. Thomas, 27 Okla. 784, 113 P. 1058; Moe et al. v. Goodroad, 45 S. D. 271, 186 N. W. 967. The county court was never vested with jurisdiction by reason of the March, 1945, order to try the matters concerning which we directed the district court (In re Jones' Estate, supra) to grant a **new trial.**

As we view the matter, the fact that Judge Summers' order of March, 1945, was acted upon or acquiesced in, in recognition of such jurisdiction in the county court, does not estop the heirs opposing Ida Mae Jones from asserting the invalidity of the order as a general remand of cause No. 29409. **Am. Jur.,** vol. 14, pg. 380, §184; vol. 31, pgs. 92-93, §432, note 13, and authorities therein cited.

The county court should act in accordance with the views herein expressed, and thereafter the district court should proceed in accordance with our decision in the case of In re Jones' Estate, supra.

Writ denied.

HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.