**Edmond Harrison CLARK, Plaintiff in Error,**

v.

**W. O. McCUNE and Cherie McCune, Defendants in Error.**

**No. 38988.**

Supreme Court of Oklahoma.

April 11, 1961.

Houston, Klein & Davidson, Tulsa, for plaintiff in error.

Van Cleave, Thomas & Liebler, by Ollie W. Gresham, Tulsa, for defendants in error.

**PER CURIAM.**

Plaintiffs alleged in their petition that they were the owners of certain described real property and that on or about the 13th day of December, 1958, the defendant entered upon said premises and unlawfully converted certain articles of plaintiffs' personalty as listed in Exhibit "A" attached to the petition and made a part thereof; that plaintiffs made demand upon the defendant to return said personalty or pay for the same and that the defendant refused and neglected to return or pay for the personalty. In her petition she fixed the value at $1,550.50.

The defendant filed his answer consisting of a general denial.

The case was called for trial, a jury selected and evidence taken. At the conclusion of plaintiffs' evidence the defendant demurred and the same was overruled. The defendant then rested. The plaintiffs moved for a directed verdict which was sustained by the trial judge, who instructed the jury to return a verdict in favor of plaintiffs in the amount of $1,475.50.

Plaintiffs gave, by their testimony, the value of items taken. Their knowledge was gained principally by contacting merchandisers.

There was undisputed evidence to the effect that defendant did take the property in question.

Defendant contends trial court erred in denying demurrer to plaintiffs' evidence; that the court erred in permitting the introduction of incompetent evidence, fixing values of the property and matters not pertinent, which were prejudicial. We find the last contention without merit. A slight examination of the record will disclose this. The other two contentions will be treated together.

The plaintiffs testified that people who sold like property gave them prices or values. We think the record bears out that, while under the facts here, the method of plaintiffs in establishing the value of the property taken might not have been the best, we certainly cannot say it was reversible error. See Rutherford v. James, 33 N.M. 440, 270 P. 794, 63 A.L.R. 237, wherein it is held that evidence of the cost price of HHG, or wearing apparel is admissible in an action for their loss is the rule. Also notice O. K. Transfer & Storage Co. v. Neill, 59 Okl. 291, 159 P. 272, L.R.A.1917A, 58.

We think the trial court was correct in directing a verdict. See State ex rel. Jennings v. Strange, 202 Okl. 11, 209 P.2d 691.

Affirmed.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.

WILLIAMS, C. J., and WELCH and IRWIN, JJ., concur in result.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.