**DORCHESTER HUGOTON, LTD., Appellee,**

v.

**DORCHESTER MASTER LIMITED PARTNERSHIP, and Damson Oil Corporation, Appellants.**

**Nos. 76515, 76678 and 76867.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 2, 1993.

Certiorari Denied June 19, 1995.

Philip D. Hart and L. Vance Brown, Oklahoma City, for appellants.

David K. Petty, Guymon, for appellee.

## OPINION

GARRETT, Judge:

Damson Oil Corporation and Dorchester Master Limited Partnership (collectively, Appellants) and Dorchester Hugoton, Ltd. (Appellee) owned common Guymon–Hugoton interests in producing oil and gas wells in Texas County, Oklahoma. They had a contract whereby any party desiring to sell its interest to an outside party must notify the others of the proposed sale and the proposed sale price. The owners, other than the proposed sellers, had the preferential right to purchase the interest proposed to be sold at the amount offered by the outside party.

In early 1986, Kaiser–Francis Oil Company (not a party to this action) made an offer to buy several oil and gas interests from Appellants. The Guymon–Hugoton interests, for which Appellee held the preferential right to purchase, were some of the properties involved. The amount of that offer is the subject of this action.

Appellants contended that negotiations for the sale of the Guymon–Hugoton interests had resulted in an offer of 2.1 million dollars for those interests when they signed an agreement to sell to Kaiser–Francis. Appellants contended that Kaiser–Francis later assigned a value of $1,325,674.00 to the Guymon–Hugoton interests by an attachment (Attachment A) to the original agreement to sell; and, when Appellants became aware of Attachment A showing an incorrect value, they contacted Kaiser–Francis and notified them that Attachment A did not correctly show the agreed purchase price of 2.1 million dollars. Kaiser–Francis then agreed to change the attachment to reflect the correct agreed price of 2.1 million dollars, and substituted a new attachment (Attachment A–1) to the sales agreement.

Appellee exercised its prior right to purchase, and paid Appellants 2.1 million dollars for the Guymon–Hugoton interests. Approximately two (2) years later, in connection with other litigation, Appellee obtained a copy of Attachment A, decided it had been overcharged as a result of a misrepresentation by Appellants, and filed this action.

Appellee contended the offer made by Kaiser–Francis for the Guymon–Hugoton interests was represented to be 2.1 million dollars by Appellants, when the actual offer was $1,325,674.00. Appellee contended the true facts were unknown to them at the time of the sale, and this caused them to pay the 2.1 million dollars for the interests as opposed to the lesser figure. Appellee alleged it had been defrauded and sought actual and punitive damages. After a jury trial, a verdict was returned for Appellee in the amount of $1,215,326.00 for actual damages, and $3,500,000.00 for punitive damages. The trial court entered judgment for damages in accordance with the jury verdict. The judgment also quieted Appellee's title to the real and personal property acquired by it from Appellants on June 20, 1986, by Assignment and Bill of Sale recorded in Book 752 at page 288 in the office of the County Clerk of Texas County, Oklahoma. These appeals followed.

### MOTIONS TO DISMISS

#### (A)

Appeals assigned the numbers: 76,515, 76,678, and 76,867 have been consolidated by order of the Supreme Court. The surviving number is 76,515. These appeals all arise

from the same case in the District Court of Texas County, Oklahoma. The procedural history is material to the first motions to dismiss.

On September 12, 1990, a jury verdict was returned in open court. The court minutes recite that judgment was entered for Appellee against Appellants on September 13, 1990. In 1990, a judgment was deemed entered when it was announced in court and communicated to the parties. Absent a motion for new trial, appeal time commenced to run when the judgment was so entered. However, the filing of a motion for new trial would prevent appeal time from running until the court ruled on the motion. On September 21, 1990, Appellants filed a motion for judgment notwithstanding the verdict and in the alternative for new trial. The motion was timely filed. Thus, running of appeal time was deferred until such time as the court ruled on Appellant's motion.

A proposed Journal Entry was submitted to Appellants by Appellee. Appellee objected to the quiet title portion of the document. It was rewritten by Appellee. Appellee presented it to the Court, it was signed by the trial judge, and then filed on September 24, 1990.

On October 19, 1990, Appellants filed a motion requesting the trial court to correct the Journal Entry nunc pro tunc by omitting the language quieting title, or, alternatively, to vacate the quiet title decree of September 24, 1990, on the ground that it was prematurely entered without a trial.

Appellants filed appeal number 76,515 on October 23, 1990. They recited, in effect, that it was filed to protect their right to appeal in case it was held that judgment was entered on September 24, 1990. Appellee moved to dismiss appeal number 76,515 on the ground it was not filed within thirty (30) days after the entry of judgment. The Supreme Court ordered Appellants to respond, and they complied.

On October 24, 1990, the trial court denied Appellants' motion for judgment notwith-

standing the verdict or a new trial. Appellants filed appeal number 76,678 on November 21, 1990. In 76,678, they appealed all of the matters which had been the subject of number 76,515, and also the order of the trial court which was entered on October 24, 1990. Appellee moved to dismiss appeal number 76,678 as not being timely filed.

In the trial court, Appellee filed a motion for attorney fees. On November 28, 1990, the court entered an order denying Appellants' motion to correct Journal Entry or to vacate the quiet title portion of the judgment. On that same day, in the same order, the trial court allowed attorney fees to Appellee in the amount of $76,810.00.

On December 27, 1990, a third appeal, number 76,867, was filed. Its principal purpose appears to be to appeal the allowance of attorney fees. Appellee moved to dismiss appeal number 76,867 for the reason that it was not timely filed.

The response of the Supreme Court to the motions to dismiss was an order deferring their consideration until the time the merits are considered.

■ If either appeal number 76,515 or number 76,678 was timely filed, the motion to dismiss should be denied. While number 76,515 may have been premature, it is immaterial. Appeal number 76,678 was timely filed. Number 76,867 was filed within thirty (30) days from and after the entry of the appealed order. In addition, number 76,867, is deemed to be in substantial compliance with Rule 1.17(c), Rules of Appellate Procedure in Civil Cases, Title 12, Chapter 15, Appendix 2.

First, we tend to agree with Appellants that the order of the Supreme Court consolidating the appeals renders the motions to dismiss appeals to be moot. Second, an order of the Supreme Court deferring consideration of a motion to dismiss appeal to the time of consideration of the merits, indicates to this Court that a jurisdictional defect does not exist, such as an untimely filing of the appeal. Third, we hold that appeals numbered 76,678 and 76,867 were timely filed.

Appellee's motions to dismiss appeals as being filed out of time are denied.

## MOTION TO DISMISS

### (B)

Appellee has filed another motion to dismiss appeal. In this motion, Appellee alleges that Appellants have abandoned the portion of their appeals which relates to the quiet title portion of the trial court's judgment. Appellee contends Appellants have filed a new action in the District Court of Wharton County, Texas, involving the same subject matter and issues as were adjudicated by the District Court of Texas County, Oklahoma, and which are involved in this appeal.

Appellee claims that the new action in the Texas Court constitutes an impermissible collateral attack on the Oklahoma judgment. In support of the abandonment claim, Appellee cites *Cities Service Company v. Gulf Oil Corporation,* 797 P.2d 1009 (Okl.App.1990), and *Buckley v. Kelly,* 126 Okla. 20, 257 P. 1107 (1927). These cases appear to support the proposition of law relied on by Appellee, if the facts are as alleged in its motion.

However, Appellants contend the new action filed in Texas does not involve any matters which were adjudicated by the Oklahoma Court. Each of the parties attach numerous copies of documents which they claim have been filed in the Texas Court. To resolve this issue would require this Court to determine the precise issues and facts presented to the Texas Court.

■ We have no way to predict future proceedings or contentions in the Texas Court, or to predict its rulings and judgment. It is fundamental that Appellants may not collaterally attack the judgment of an Oklahoma Court by filing some action in a Texas Court. It is equally clear that the District Court of Wharton County, Texas does not have power to sit as an Appellate Court to review decisions of the Oklahoma Courts. With possible exceptions not material here, as a matter of constitutional law, the judgment of the Courts in one state is entitled to full faith and credit in the Courts of a sister state. Most of these matters may, and should, be raised as defenses in the Texas litigation.

In this connection, we note Appellee's contention in its PROPOSITION VII in its brief in chief. Appellee stated this proposition as follows:

DAMSON HAS ABANDONED ITS APPEAL OF THE TRIAL COURT'S JUDGMENT QUIETING DORCHESTER'S TITLE, AND THAT JUDGMENT SHOULD BE AFFIRMED, AND THE APPEAL DISMISSED AS TO THAT GROUND OF ALLEGED ERROR.

Appellee contends that Appellants did not allege error in this respect in their motion for new trial. While Appellants did allege error in this respect in their Petition in Error, they have failed to brief that issue or to cite any authority in support of any claimed error.

■ Only issues properly raised in a motion for new trial (if such motion is filed) may be considered on appeal. In addition, Appellee cites *American First Abstract v. Western Info. Syst.,* 735 P.2d 1187 (Okl.1987), *Chancellor v. Chancellor,* 202 Okla. 389, 214 P.2d 261 (1950), *McCorkle v. Great Atlantic Ins. Co.,* 637 P.2d 583 (Okl.1981), and *State ex rel. Remy v. City of Norman,* 642 P.2d 219 (Okl. 1982), to support the rule that issues not briefed and not supported by authority will not be considered on appeal. Appellees contention in this respect is well taken.

The Court had subject matter jurisdiction, jurisdiction of the parties, and power to enter the judgment. While Appellee's motion to dismiss is denied, we decline to consider any issue in this respect for the reasons given. The judgment of the Court quieting Appellee's title to real and personal property is affirmed.

## THE JUDGMENT FOR DAMAGES

■ Appellants contend the Court erred in failing to direct a verdict for them, as Appel-

lee failed to prove its claim of fraud. A review of the record shows there was ample evidence presented to require this issue to go to the jury. That evidence includes: (1) the offer from Kaiser–Francis was in place on and after April 21, 1986; (2) when Appellee exercised its right to purchase, the contract and Attachment A showed the offer to be $1,325,674.00, but Attachment A was not available to Appellee at that time; (3) Appellee exercised its preferential right to purchase on May 6, 1986; (4) Attachment A to the agreement to sell was not "corrected" by Attachment A–1 to reflect the 2.1 million dollar amount until May 21, 1986; (5) Appellants did not disclose to Appellee that Attachment A showed the $1,325,674.00 offer; and, (6) because of the contract with Kaiser–Francis, in order to avoid a penalty when Appellee exercised its preferential right to purchase, Appellants were required to replace the Guymon–Hugoton interests with other properties and did so with interests valued at approximately 1.35 million dollars. This evidence amounted to more than speculation and conjecture. If believed by the jury, it showed the possibility that Appellants made a material misrepresentation to Appellee with the intention that Appellee act upon it, that Appellee did in fact act upon that misrepresentation and was injured. The motion for directed verdict was properly denied. A Court may not direct a verdict for a party where the facts are disputed. See *Clark v. McCune*, 361 P.2d 219 (Okl.1961).

Appellants contend the Court erroneously applied the parol evidence rule. The Court sustained an objection to some of Appellants' testimony, which attempted to explain and justify the circumstances surrounding the contract between Appellants and Kaiser–Francis, and why the amounts were changed between Attachment A and Attachment A–1. Appellants contend the parol evidence offered was admissible and necessary to its theory of defense. Appellee contends, regardless of the ruling, much of this testimony *was* allowed into evidence, and the offer of any further evidence in this vein was merely cumulative. A review of the record shows that while the trial court ruled that parol evidence was inadmissible to vary the terms of the written contracts, much parol evidence was allowed on this subject without objection.

▉ Generally, where fraud is alleged, testimony about circumstances leading up to signing the instrument and extrinsic facts showing the interpretation the parties put upon the writing is admissible. *Storck v. Cities Service Gas Co.*, 575 P.2d 1364 (Okl. 1977). Because much of the testimony Appellants sought to introduce was presented throughout the trial, Appellants did advance their theory of defense of mistake or inadvertence. There is no error in excluding competent evidence where the same evidence, or substantial evidence to the same effect is permitted to be introduced. *Williams v. Williams*, 274 P.2d 359 (Okl.1954); *Shadid v. Monsour*, 746 P.2d 685 (Okl.App.1987).

▉ Appellants alternatively contend the trial court erred in refusing to instruct the jury as to Appellants' defenses to Appellee's claim of fraud. Because the trial court failed to instruct on Appellants' theory of defense, and instructed the jury that parol evidence was not to be considered regarding the circumstances surrounding the contract between Appellants and Kaiser–Francis, we must reverse. Instruction 10 as given by the trial court states:

> The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument.

This instruction, in effect, told the jury not to consider Appellants' defense. The theory of Appellants' defense, that the $1,325,674.00 amount as reflected on Attachment A was a mistake, and no misrepresentation existed, was negated by Instruction 10, because the jury was told not to consider the testimony. This was error. Our test, upon review of an instruction given or refused, is whether there is a probability that the jurors were misled and may have reached another result but for

the error. *Woodall v. Chandler,* 716 P.2d 652 (Okl.1986). If that evidence was believed by the jury, that probability exists.

Appellants also requested affirmative instructions on their theory of defense. Generally, their requested instructions accurately reflect the law relating to parol evidence when fraud is claimed, if the defense is supported by competent evidence. For example, Appellants' requested Instruction 24 was:

> If you find that an oral agreement existed between Kaiser Francis and the defendants, Dorchester Master Limited Partnership and Damson Oil Corporation [Appellants]; and such agreement, or a part thereof, was not accurately reduced to writing as the result of an accident or mistake, you should consider the evidence to determine the true agreement of said parties.

And Appellants' requested Instruction 20 was:

> If you find that the April 21st, 1986 Purchase and Sale Agreement between Kaiser Francis and the defendants, Dorchester Master Limited Partnership and Damson Oil Corporation [Appellants], through mistake or accident, failed to express the real intention of the parties, such intention is to be regarded and the erroneous parts of the writing disregarded.

Appellants were entitled to have the jury instructed on their theory of defense. It was supported by competent evidence. When a trial court fails to instruct on a material issue such as a defense theory, it is fundamental error. *Sarkeys v. Haas,* 402 P.2d 894 (Okl. 1965).

■ Contrary to Appellants' contentions, the trial court properly instructed on the standard of proof for fraud, which is clear and convincing evidence. Appellants further contend the trial court erred in its Instruction 16, which states that fraud may be proved by circumstantial evidence. Appellants rely on the Oklahoma Uniform Jury Instructions, § 3.25. It prohibits circumstantial evidence from being defined. The trial court did not define circumstantial evidence. See *Austin v. Wilkerson,* 519 P.2d 899 (Okl.1974).

### CONCLUSION

The judgment of the trial court as to actual and punitive damages is reversed and this case is remanded for further proceedings consistent with this Opinion, including a new trial on the damage suit issues. Because the judgment for actual and punitive damages is reversed, the order for attorney fees and costs is vacated. Each party shall pay their own Appellate attorney fees and expenses. The judgment of the trial court quieting Appellee's title to real and personal property is affirmed.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

HUNTER, P.J., and BAILEY, J., concur.