OSCN Found Document:HOPSON v. EXTERRAN ENERGY SOLUTIONS

 

 
 

 
 HOPSON v. EXTERRAN ENERGY SOLUTIONS
2018 OK 33
Case Number: 113563
Decided: 04/23/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 33, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JOHN HOPSON, Plaintiff/Appellant,
v.
EXTERRAN ENERGY SOLUTIONS, LP, A Foreign Limited Partnership, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF LEFLORE COUNTY,
THE HONORABLE TED KNIGHT, PRESIDING

ORDER OF SUMMARY DISPOSITION

Â¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S. Ct. Rule 1.201.

Â¶2 After reviewing the record in this case, THE COURT FINDS that our recent decision in Young v. Station 27, Inc., 2017 OK 68, 404 P.3d 829, disposes of the issues in this case.

Â¶3 In Young, we held that a plaintiff's retaliatory discharge action is based upon the retaliatory discharge statute in effect when the workers' compensation injury occurred. Young, 2017 OK 68, Â¶ 0, 404 P.3d 830. Young's work related injuries that formed the basis for her workers' compensation claim occurred prior to the effective date of the new Administrative Workers' Compensation Act (AWCA).[1] We were clear in Young that the retaliation statute under the AWCA[2] does not apply to conduct relating to other workers' compensation statutes. Young, 2017 OK 68, Â¶ 10, 404 P.3d 835.[3] Thus, even though Young's employment termination occurred after the effective date of the AWCA,[4] her claim for retaliatory discharge related back to the injury date giving rise to her workers' compensation claim. We held that Young's retaliatory discharge action was governed by the statute in effect on the date of her injury, 85 O.S. 2011 Â§ 341.

Â¶4 Hopson, the plaintiff/appellant in the instant appeal, sustained work related injuries and sought workers' compensation benefits prior to the effective date of the AWCA. He was terminated after the effective date of the AWCA. As in Young, the employer urged that the AWCA governed the resolution of the retaliatory discharge claim as Hopson's discharge occurred after the AWCA became effective. We rejected this argument in Young, and made clear that the retaliatory discharge claim relates back to the date of the injury giving rise to the original workers' compensation claim. We hold that Hopson's retaliatory discharge claim is governed by 85 O.S. 2011 Â§ 341, the statute in effect at the time of the injuries giving rise to his workers' compensation claim.

Â¶5 We further deny Appellee's motion to dismiss appeal. Appellee relied on Buckley v. Kelly, 1927 OK 191, 257 P. 1107, and urged that Hopson abandoned his appeal when he filed an action before the AWCA for retaliatory discharge after initiating this appeal. Appellee's reliance on Buckley is misplaced. After Buckley initiated his appeal, he filed an identical action in federal district court and then asked this Court to (1) strike his appeal from hearing and (2) requested his appeal remain pending awaiting the final termination of his federal court action. Buckley specifically asked this Court to delay our decision pending action by the federal court. Under such circumstances, we held that Buckley abandoned his appeal before this Court.

Â¶6 Buckley is inapposite to the facts of this instant appeal. Hopson has made clear that he is seeking resolution from this Court. The district court issued an order dismissing his action for retaliatory discharge ruling that the trial court lacked jurisdiction and his claims were covered by the retaliatory discharge statute under the AWCA and must be filed in that venue. Hopson filed this appeal as he believed his claims for retaliatory discharge were governed by 85 O.S. 2011 Â§ 341, the statute in effect at the time of his injury. However, being mindful of the one year statute of limitations under the AWCA for retaliatory discharge, Hopson filed a claim in that venue to preserve any possible claim. Hopson has not sought a trial before the Commission; he has remained active in his appeal and continued to request this Court to rule on his appeal. On October 12, 2017, he filed a pleading, Appellant's Advice of Ruling, asking to supplement the record and note the holding in Young that the district court has jurisdiction over this claim and not the AWCA.

Â¶7 We find that the district court erred in granting the motion to dismiss, and that Hopson has standing to pursue his retaliatory discharge claim.

Â¶8 IT IS THEREFORE ORDERED that the district court's order of dismissal is vacated, and the cause remanded to the district court for further proceedings.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd day of April, 2018.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

Â 

FOOTNOTES

[1] 85A O.S. Â§Â§ 1-125.

[2] 85A O.S. Supp. 2013 Â§ 7.

[3] We specifically noted that the language in 85A, section 7, the retaliatory discharge statute in the AWCA, referring to retaliatory discharge actions that arise under "this act," "unambiguously refers to the Administrative Workers' Compensation Act, and is judicially construed as an expression of legislative intent to accomplish that result which we are not empowered to rewrite." Young, 2017 OK 68, Â¶ 10, 404 P.3d 835.

[4] 85A O.S. Â§Â§ 1-125.